CONSOLIDATION COAL COMPANY,
Appellant (Plaintiff Below),

v.

INDIANA DEPARTMENT OF STATE
REVENUE, Appellee (Defendant
Below).

No. 82S00–8909–TA–667.

Supreme Court of Indiana.

Dec. 12, 1991.

Richard A. Sherry, Richard J. Klein, Consol. Coal Co., Pittsburgh, Pa., James M. Buthod, Buthod & Buthod, Evansville, for appellant.

Larry Stroble, Michael Rosiello, Barnes & Thornburg, Indianapolis, amicus curiae, for General Motors Corp. in support of appellant.

Barton T. Sprunger, Mark J. Richards, Ice Miller Donadio & Ryan, Indianapolis, amici curiae for Gencorp, Inc. & Diversitech General, Inc., in support of appellant.

Linley E. Pearson, Atty. Gen., Joel Schiff, Deputy Atty. Gen., Lynn A. Francis, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

This case explores whether West Virginia's Business and Occupation Tax is a state tax "based on or measured by income" for purposes of an add back provision in Indiana's Adjusted Gross Income Tax law. We hold that it is.

## I. Factual Background

The taxpayer in this case, Consolidation Coal Company, is a Delaware corporation with its principal place of business in Pittsburgh, Pennsylvania. Consolidation Coal mines and sells coal in several states, including Indiana and West Virginia. This appeal concerns Consolidation Coal's liability for Indiana Adjusted Gross Income Tax for the years 1983 through 1985.

Indiana's Adjusted Gross Income Tax is codified as Indiana Code §§ 6-3-1-1 to -8-6 (West 1989 & Supp.1990). Under this law, a corporation pays a tax of 3.4% on that portion of its adjusted gross income derived from sources within Indiana. Adjusted gross income is calculated by making certain adjustments to the taxpayer's federal taxable income. Ind.Code. § 6-3-1-3.5(b). One of these adjustments to federal taxable income requires adding back "any deduction or deductions allowed or allowable pursuant to Section 63 of the Internal Revenue Code for taxes *based on or measured by income* and levied at the state level by any state of the United States...." Ind.Code § 6-3-1-3.5(b)(3) (West 1989) (emphasis added).

In deriving its federal taxable income, Consolidation Coal deducted taxes it had paid to West Virginia under that state's Business and Occupation Tax, W.Va.Code §§ 11-13-1 to -31 (Michie 1987) [hereinafter "B & O Tax"]. Because Consolidation Coal did not consider the B & O Tax to be a tax "based on or measured by income," it did not add the tax back to its federal taxable income in calculating its Indiana adjusted gross income. The Indiana Department of State Revenue did consider the B & O Tax to be a tax "based on or measured by income," however, and insisted that Consolidation Coal add it back. The Department re-calculated Consolidation Coal's adjusted gross income and assessed it an additional $43,362 in tax, plus $13,726.67 in interest. Consolidation Coal paid the amount assessed and filed refund claims, which the Department denied.

On appeal to the Indiana Tax Court, both sides moved for summary judgment. The Tax Court denied Consolidation Coal's motion and granted the Department's, holding that West Virginia's B & O Tax was a state tax "based on or measured by income," and therefore, had to be added back to federal taxable income in deriving Indiana adjusted gross income. *Consolidation Coal Company v. Indiana Department of State Revenue* (1989), Ind. Tax, 538 N.E.2d 309. Consolidation Coal appeals this decision, pursuant to this Court's appellate jurisdiction. Ind.Code § 33-3-5-15 (West Supp. 1990).

## II. Issue Presented

The parties agree that the B & O Tax is a state tax and that it is an allowable deduction under § 63 of the Internal Revenue Code. The sole issue is whether the tax is "based on or measured by income."

Both parties have focused their attention primarily on the word "income," and they have proffered two meanings of the word that lead to different results. Consolidation Coal argues that when dealing with the sale of a tangible good like coal, "income" from the sale does not include the recovery of capital investment and thus is equivalent to gross receipts less the cost of goods sold. Because it asserts the B & O Tax is a tax on gross receipts, and allows no deduction for cost of goods sold, Consolidation Coal concludes the tax is not based on or measured by "income," so defined. The Department asserts that "income" does include the recovery of capital invest-

ment and that "income" from the sale of coal is analogous to gross receipts without any reduction for cost of goods sold. It concludes the B & O Tax is a tax based on or measured by "income."

### III. The General Assembly's Intent

This Court's goal in statutory construction is "to determine and effect legislative intent." *Spaulding v. International Bakers Serv.* (1990), Ind., 550 N.E.2d 307, 309. Where the General Assembly has defined a word, this Court is bound by that definition, even though it conflicts with the common meaning of the word. *Id.* Where the General Assembly has used a word without definition, however, this Court must examine the statute as a whole and attribute the common and ordinary meaning to the undefined word, unless doing so would deprive the statute of its purpose or effect. *Id.; Park 100 Development Co. v. Indiana Dep't of State Revenue* (1981), Ind., 429 N.E.2d 220. Moreover, tax statutes are generally to be construed against the Department. *Park 100 Development Co.*, 429 N.E.2d at 222.

Although the General Assembly devoted an entire chapter of the Adjusted Gross Income Tax law to definitions, many of which contain the word "income," Ind. Code §§ 6–3–1–1 to –28 (West 1989), it did not define the single word "income." Thus, we turn to the common and ordinary meaning of the word. Black's Law Dictionary defines "income" as "[t]he return in money from one's business, labor, or capital invested; gains, profits, salary, wages, etc." Webster's Third New International Dictionary states that income is:

> a gain or recurrent benefit that is usually measured in money and for a given period of time, derives from capital, labor, or a combination of both, includes gains from transactions in capital assets, but excludes unrealized advances in values: commercial revenue or receipts of any kind *except receipts or returns of capital.*

(emphasis added). These definitions are consistent with the U.S. Supreme Court's understanding of the term "income," due in part no doubt to that Court's resort to the dictionary definition of the word "income" in interpreting both the Constitution and early federal income tax laws. *See, e.g., Eisner v. Macomber*, 252 U.S. 189, 207, 40 S.Ct. 189, 193, 64 L.Ed. 521 (1920) (citing dictionaries to inform the meaning of "income" as used in the 16th Amendment). In *Doyle v. Mitchell Bros. Co.*, 247 U.S. 179, 184–85, 38 S.Ct. 467, 469, 62 L.Ed. 1054 (1918), the Court stated:

> [I]t is plain, we think, that by the true intent and meaning of the act the entire proceeds of a mere conversion of capital assets were not to be treated as income. Whatever difficulty there may be about a precise and scientific definition of "income," it imports, as used here, something entirely distinct from principal or capital either as a subject of taxation or as a measure of the tax; conveying rather the idea of gain or increase arising from corporate activities....

These observations are reinforced by a leading tax treatise. "[T]here is substantial agreement that amounts received as a return of capital or investment are not income within the general meaning of that term...." 1 Mertens, Law of Federal Income Taxation § 5.04, at 22 (1987).

Under our rules of statutory construction, we attribute this common meaning to "income" unless doing so would deprive the statute of its purpose or effect.

If "income" were the only word that required defining to resolve this case, the matter might be settled. The legislature has given us more, however, by using the phrase "based on or measured by income." This suggests a broader inquiry than would be appropriate if the legislature had provided for adding back, say, "taxes on income." We think this broader analysis is much like the one we used in *Miles v. Department of Treasury* (1935), 209 Ind. 172, 199 N.E. 372. The *Miles* Court held that Indiana's Gross Income Tax was a "tax on income,"

focusing on whether Indiana's Gross Income Tax constituted a property or non-property tax, a critical distinction under Article X of the Indiana Constitution as it read in 1935. We think that the whole phrase, "based on or measured by income" seems likely to be used in the same, simple sense which defined the inquiry in *Miles*. Is the tax which the payor wishes to add back measured by income? Or measured by value of property held? We conclude that the add-back provisions at issue in this case are designed to describe the kind of tax to be added back—permitting the add-back of taxes based on income but not those such as property or excise taxes.

### IV. West Virginia's Business and Occupation Tax

■ West Virginia's Business and Occupation Tax law places a tax on the privilege of doing business in that state. "[T]here is hereby levied and shall be collected annual privilege taxes against the persons, on account of the business and other activities, and in the amounts to be determined by the application of rates against values or gross income...." W.Va.Code § 11–13–2(a) (Michie 1987). During the years pertinent to this case, businesses extracting coal from West Virginia soil paid a tax of 3.5% on the "gross proceeds derived from the sale" of the coal, and an "additional tax" of .35% on the "gross proceeds," pursuant to W.Va. Code § 11–13–2a, and –21 (Michie 1987). Both of these provisions were repealed in 1987. Under the B & O Tax law, the term "gross proceeds of sales" is defined as "the value ... actually proceeding from the sale of tangible property without any deduction on account of the cost of property sold or expenses of any kind." W.Va.Code § 11–13–1 (Michie 1987). We take this to be a tax "measured by income" in the sense we examined the issues in *Miles*.

### V. Conclusion

In calculating its Indiana adjusted gross income, Consolidation Coal is required by Indiana Code § 6–3–1–3.5(b)(3) to add back to its federal taxable income any deduction taken for taxes paid to West Virginia under that state's Business and Occupation Tax. The decision of the Tax Court is affirmed.

DeBRULER, GIVAN, DICKSON and KRAHULIK, JJ., concur.