Randall RUSH, Bonnie Rush, Gene Demorrow, Melanie Demorrow, Russell Dean Ernsberger, Jill Ernsberger, Kenneth L. Kopf, Jr., Gloria Kopf, John Klaer, June Klaer, Charles Cobb, Nancy Cobb, Clement Bainter, Joann Bainter, Omer G. Kropf, Richard Kindel and Barbara Kindel, Appellants–Plaintiffs,

v.

ELKHART COUNTY PLAN COMMISSION and Elkhart County, Elkhart County Board of Commissioners and Elkhart County, Paul Hershberger, Helen Hershberger, Brooks Construction Co., Inc. and A & J Partnership, Appellees–Defendants.

No. 43A05–9708–CV–363.

Court of Appeals of Indiana.

Aug. 11, 1998.

Rebecca F. Butler, Elkhart, James R. Byron, Thorne, Grodnik, Ransel Duncan, Byron & Hostetler, Elkhart, for Appellants–Plaintiffs.

Brian L. Hoffer, Randy J. Spitaels, Kindig & Sloat, Nappanee, James W. Kolbus, Hartzog, Barker, Hepler & Saunders, Goshen, Michael F. Deboni, Yoder, Ainlay, Ulmer & Buckingham, Goshen, for Appellees–Defendants.

## OPINION

KIRSCH, Judge.

This is an appeal from a judgment on cross motions for summary judgment entered in this case brought by Appellants to challenge rezoning legislation adopted by the Elkhart County Commissioners that would allow the construction of an asphalt plant. Appellants claim that the legislation is invalid and present several issues on appeal, as follows:

I.  Whether the Plan Commission's failure to draft the ordinance and place it on file prior to the public hearing was a violation of the statutory requirement that "the proposal" be on file.

II.  Whether the summary of the proposed zoning ordinance included in the published notice was inadequate as a matter of law for failing to refer to the intended use.

III.  Whether the Plan Commission failed to comply with Specification D of the Elkhart County Zoning Ordinance.

IV.  Whether the failure to follow the statutory procedures denied them due process of law.

V.  Whether the trial court erred in dismissing the Plan Commission from the suit.

We affirm.

## FACTS AND PROCEDURAL HISTORY

■ On November 20, 1995, Brooks Construction Co., Inc. and A & J Partnership (collectively Brooks) filed a petition with the Elkhart County Plan Commission (Plan Commission) pertaining to a parcel of real estate in Jefferson Township, Elkhart County, Indiana. Near this property, there is a trucking facility, a concrete plant, and several commercial establishments. The petition requested the rezoning of the real estate from A–1 (agricultural) to M–2 (manufacturing) and the establishment of a conditional industrial unit development for the manufacture of asphalt and other paving materials.[1] The petition included an application, an informational letter to the Plan Commission describing the proposal, a list of proposed conditions, and a site plan designating the proposed location of various site improvements.

On November 30, 1995, the Plan Commission published notice in two newspapers of the public hearing that it planned to hold on Brooks' petition on December 14, 1995. The notice included the time and place of the meeting, the identity of the petitioner, a description of the real estate, and the procedure for inspecting and commenting on the petition. The notice included a heading in bold, all capital lettering that the subject matter was "Rezoning/Conditional Industrial Unit Development." *Record* at 1377–80. It described the petition as a request "For a Zoning Map Change from A–1 to M–2 and establishment of a Conditional Industrial Unit Development." *Record* at 1377–80. On December 1, 1995, the Plan Commission mailed to surrounding property owners a notice that contained the same information and indicated that the petition requested a "zone map change from A–1 to M–2" and "the establishment of a Conditional Industrial Unit Development for the manufacturing of asphalt and related pavement materials." *Record* at 598.

On December 14, 1995, the Plan Commission held a public hearing, and after considering extensive testimony from both those in favor and those opposed to the petition, voted to recommend it. Patsy Pippenger, a staff

---

1.  A conditional use is a permitted use under the terms of the zoning ordinance provided that enumerated conditions are met. Conditions are imposed on the use to ameliorate the detrimental effects of an otherwise desirable use. *Eberhart v. Indiana Waste Systems, Inc.,* 452 N.E.2d 455, 459 (Ind.Ct.App.1983).

employee of the Plan Commission, drafted an ordinance that would, if adopted, amend the zoning maps. Duane Burrow, another staff member, drafted an ordinance that, if adopted, would amend the text of the Elkhart County zoning ordinance to allow the conditional industrial unit development.

On January 2, 1996, the Elkhart County Board of Commissioners (County Commissioners) held a regular meeting at which they heard testimony about the petition. The County Commissioners passed a motion approving and adopting the text change to the ordinance, subject to and effective only upon the adoption by the County Commissioners of the conditional industrial unit development, and tabling and referring the request for a conditional industrial unit development back to the Plan Commission for consideration of additional conditions. After this meeting, counsel for the Appellants and the Plan Commission staff met in a mediation session to work through the conditions that should be imposed on the request.

At its next regular meeting on January 11, 1996, the Plan Commission reconsidered the text amendment. Burrow suggested some new conditions to add, and the Plan Commission gave a favorable recommendation to them. After the meeting, Burrow drafted a revised text ordinance amendment that included eleven additional conditions which placed further restrictions on the development.

At the February 5, 1996 meeting of the County Commissioners, it again declined to act on the text ordinance amendment in order to give all parties more time to prepare and present evidence. It moved to place consideration of the proposed ordinance on the agenda for its February 12, 1996 meeting.

At the Plan Commission's February 8, 1996 meeting, it considered the proposed ordinance and gave a favorable recommendation to the third draft of the text amendment, certified it, then made a determination, as required by Specification D of the Elkhart County Zoning Ordinance, that the proposed ordinance "will not be injurious to the public health in the surrounding neighborhood, and will not be contrary to the spirit and pur-

poses of the Elkhart County Zoning Ordinance." *Record* at 884, 1523.

At the County Commissioners' February 12, 1996 meeting, Burrow presented the certified version of the text amendment. After another public hearing, the County Commissioners adopted the proposal by a 2–1 vote. The County Commissioners also voted again to adopt the map amendment by a vote of 2–1.

Appellants filed a complaint against Brooks, Paul & Helen Hershberger, the Plan Commission and Elkhart County, and the County Commissioners and Elkhart County, alleging that the Plan Commission and the County Commissioners acted illegally in adopting the amendments in a manner inconsistent with that specified by statute. The Plan Commission moved for dismissal of the action against it on the grounds that it acted in an advisory capacity only. The trial court granted the motion.

After discovery was completed, both parties moved for summary judgment. The trial court granted summary judgment in favor of the Appellees and upheld the ordinance.

## DISCUSSION AND DECISION

In reviewing the trial court's entry of summary judgment, the reviewing court applies the same standard as the trial court. *Grant County Comm'rs v. Cotton,* 677 N.E.2d 1103, 1104 (Ind.Ct.App.1997), *trans. denied.* Generally, the reviewing court must determine whether there is any genuine issue of material fact, and whether the law has been correctly applied by the trial court. *Gable v. Curtis,* 673 N.E.2d 805, 809 (Ind.Ct.App. 1996). Where, as here, the parties do not dispute the material facts, the reviewing court's task is to determine whether the trial court correctly applied the law to the undisputed facts. *City of Vincennes v. Reuhl,* 672 N.E.2d 495, 497 (Ind.Ct.App.1996), *trans. denied* (1997). The appellant has the burden of persuading this court that the trial court's grant of summary judgment was erroneous. *Underwood v. City of Jasper Mun. Util. Serv. Bd.,* 678 N.E.2d 1280, 1282 (Ind.Ct. App.1997). The findings of fact and conclusions thereon entered by the trial court aid

this court's review by providing this court with a statement of reasons for the trial court's actions, but serve no other purpose. *Gable,* 673 N.E.2d at 805, n. 1.; *Spears v. Blackwell,* 666 N.E.2d 974, 976 (Ind.Ct.App. 1996), *trans. denied* (1997). Summary judgment may be sustained on appeal on any theory which is supported by the designated materials. *Johnson v. Kempler Indus., Inc.,* 677 N.E.2d 531, 535 (Ind.Ct.App.1997), *trans. denied.*

First, Appellants assert that the ordinance is invalid because the Plan Commission did not follow the statutory procedure for amending zoning ordinances because it failed to prepare and make available for examination a draft ordinance prior to the public hearing.[2] They claim that the trial court erred in concluding as a matter of law that the statute did not require that a draft ordinance be on file with the Plan Commission prior to or at the public meeting.

Several statutes bear on a plan commission's obligation to provide information to the public about proposed changes to zoning ordinances. Among other requirements, IC 36–7–4–602(b) provides that the plan commission must prepare the proposal and that it must give notice and hold a public hearing. IC 36–7–4–604(f) requires that the files of the plan commission concerning proposals are public records and shall be kept available at the commission's office for inspection by any interested person. IC 36–7–4–604(b)(5), (6) and (7) require the plan commission to give public notice of the hearing. The notice must state the place where the proposal is on file for examination before the hearing, that written objections to the proposal that are filed with the secretary of the commission before the hearing will be considered, and that oral comments concerning the proposal will be heard. Appellants argue that the term "proposal" as used in these statutes is synonymous with "draft ordinance."

■ This court's goal in statutory construction is "to determine and effect statutory intent." *Consolidation Coal Co. v. Indiana Dep't of State Revenue,* 583 N.E.2d 1199, 1201 (Ind.1991) (quoting *Spaulding v. International Bakers Serv.,* 550 N.E.2d 307, 309 (Ind.1990)). This court endeavors to give statutory words their plain and ordinary meaning absent a clearly manifested purpose to do otherwise. *Peele v. Gillespie,* 658 N.E.2d 954, 958 (Ind.Ct.App.1995), *trans. denied* (1996). Where the General Assembly has defined a word, this court is bound by that definition, even though it conflicts with the common meaning of the word. *Consolidation Coal,* 583 N.E.2d at 1201. Where the General Assembly has used a word without definition, however, this court must examine the statute as a whole and attribute the common and ordinary meaning to the undefined word, unless doing so would deprive the statute of its purpose or effect. *Id.* Further, it is just as important to recognize what a statute does not say as it is to recognize what it does say. *Peele,* 658 N.E.2d at 958. A court may not read into a statute that which is not the expressed intent of the legislature. *Id.; United Farm Bureau Mut. Ins. Co. v. Steele,* 622 N.E.2d 557, 561 (Ind.Ct.App. 1993). The courts will not add something to a statute that the legislature has purposely omitted. *Town of Schererville v. Vavrus,* 180 Ind.App. 500, 389 N.E.2d 346 (1979).

■ The term "proposal" is not defined by the statute. Accordingly, we give the term its common and ordinary meaning. A proposal is a "suggestion" or "something put forward for consideration." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1819 (1976). The petition by Brooks is a proposal, as it represents a suggestion put forth for rezoning for consideration by the County Commissioners. There is no wording in the statute that requires that a draft ordinance be on file for public inspection prior to the

---

**2.** Appellants argue that the trial court erred as a matter of law by not making the factual finding from the undisputed evidence that the Plan Commission did not prepare and have available for examination by the public a draft of the ordinance prior to the Plan Commission's public hearing. A trial court is not required to make specific findings of fact when neither party specifically requests it; therefore error cannot be premised on the trial court's failure to do so. *See Ind. Trial Rule* 52. Additionally, because the trial court held that there was no requirement that a draft ordinance be on file prior to the public hearing, a factual finding as to whether or not a draft ordinance was on file is irrelevant.

public hearing on the proposal. If the legislature had intended to impose such a requirement, then it certainly would have included such in the wording of the statute.

■ In this case, it is undisputed that the Plan Commission complied with the statute by providing its file for public inspection prior to the public hearing. The file contained Brooks' completed application for rezoning of the parcel from agricultural to manufacturing and for the establishment of a conditional industrial unit, a letter describing the proposal, a list of proposed conditions, and a professional site plan designating the proposed location of various site improvements. These documents contained all of the relevant facts about the proposed ordinance, including the proposed use. A draft ordinance would have provided no additional information to the public. Further, had the ordinance been prepared prior to the public meeting, it would not have reflected the comments of the public that were received at the meeting. By waiting until after the public hearing to draft the proposed form of ordinance, the Plan Commission ensured that the ordinance would include the information it gathered from the public hearing.

■ Even if this court were to read the relevant statutes as requiring the Plan Commission to prepare a draft of the actual proposed form of ordinance prior to receiving public comment, Appellants would still not prevail. IC 36–7–4–604(e) provides that a zoning ordinance "may not be held invalid on the ground that the plan commission failed to comply with the requirements of this section, if the notice and hearing substantially complied with this section." Here, there was substantial compliance with the statutory requirements. Significant materials were provided for public inspection; no information was withheld. The provided information fairly and accurately described the planned development and the changes to the existing ordinance that the development would necessitate. The information in the Plan Commission's file was sufficient to put the public and Appellants on notice about the subject matter of the meeting and Brooks' proposed development of the site. Thus, there was substantial compliance with the statutory requirement that the proposal be on file and available for public inspection prior to the public hearing.

■ Next, Appellants contend that the published notice of the proposed zoning ordinance was inadequate because it did not mention that the intended use of the property was an asphalt plant. IC 36–7–4–604(b)(3)(B) requires the public notice to include a summary of the subject matter contained in the proposal that describes any new or changed provisions. One authority has stated,

"The usual requirement with respect to contents [of notice] is that of 'fair' notice. Such requirement is met if it gives the average reader reasonable warning that land in which he has an interest may be affected by the legislation proposed. Most courts will find the notice adequate if it is sufficient to place property owners on inquiry."

*Anderson's American Law of Zoning*, § 4.14 at 278–79 (4th ed.1996).

■ The notice published in the *Goshen News* and *Elkhart Truth* newspapers contained a summary of the requests contained in Brooks' petition. It described the petition as a "Zoning Map Change from A–1 to M–2 and establishment of a Conditional Industrial Unit Development." *Record* at 1377–80. This was sufficient to give individuals reasonable warning that land in which they had an interest may be affected by the proposed zoning ordinance. There is no statutory requirement that the proposed use of the property be mentioned. From this notice, interested members of the public were put on notice to inquire further about the proposal. The notice indicated that the Plan Commission's files were available for public inspection. The files contained abundant information about the proposal. Finally, the Plan Commission mailed an additional notice to nearby property owners of record that contained all of the same information and also specified that an asphalt plant was the intended use. The trial court was correct in concluding that the published notice was not deficient as a matter of law for failing to

mention that the proposed use was an asphalt plant.

■ Next, Appellants maintain that the ordinance is invalid because the Plan Commission failed to make the determination required by Specification D of the Elkhart County Zoning Ordinance for the Record at a public hearing. Specification D of the Elkhart County Zoning Ordinance requires the Plan Commission to give the proposal a favorable recommendation after a public hearing determines that the proposed use will not be injurious to the public welfare in the surrounding neighborhood, and not contrary to the spirit and purpose of the zoning ordinance. *Appendix 3 to Appellants' Brief.* The evidence introduced at the Plan Commission's December 14, 1995 hearing addressed the criteria set forth in Specification D that the request not be injurious to the public welfare of the surrounding neighborhood and not be contrary to the spirit and purpose of the zoning ordinance. The Plan Commission heard testimony from Brooks' representatives about the plans for its facility. It heard extensive testimony from a number of citizens expressing their concerns about the impact of the asphalt plant on their neighborhood, including increased traffic, noise pollution, air pollution, danger to wildlife, and decreased property values. The Plan Commission also heard testimony about the existing character of the neighborhood and the failure of the neighborhood to develop residentially. At this meeting, the Plan Commission was aware that according to Specification D, the request must receive a favorable recommendation from the Plan Commission in order to be considered by the County Commissioners. With this knowledge, the Plan Commission forwarded the development request to the County Commissioners with a favorable recommendation. At its meeting on February 8, 1996, the Plan Commission made the following determination:

"That the Plan Commission herewith determine and clearly states for the record that the conditional use proposed by Brooks Construction Company, for an asphalt plant, and contemplated by the conditional use permit ordinance, and subject to the conditions of use and other restrictions set forth within the proposed ordinance, will not be injurious to the public health in the surrounding neighborhood, and will not be contrary to the spirit and purposes of the Elkhart County Zoning Ordinance."

*Record* at 884. The ordinance was then forwarded to the County Commissioners, who adopted it four days later.

From this evidence, the trial court concluded, and we agree, that the actions of the Plan Commission with respect to the development request were in compliance with all applicable provisions of statute and the Elkhart County Zoning Ordinance, including Specification D. The Plan Commission forwarded the proposed ordinance to the County Commissioners after receiving a great deal of evidence in a public hearing about the impact of the development on the neighborhood and the compatibility of the request with the overall purpose of the zoning ordinance. At its later meeting, in an effort to avoid any confusion, it reiterated its findings and stated for the Record that it had made the determination required by Specification D. By this action, it made explicit what it had already done implicitly. The County Commissioners did not adopt the ordinance until after this determination was made. The trial court did not err in concluding that the Plan Commission's action complied with Specification D.

■ Next, Appellants claim that the failure of the Plan Commission and the County Commissioners to follow the statutory procedures denied them due process of law. They cite deficiencies in the adoption of the map ordinance in addition to the deficiencies in the text ordinance adoption that we have already discussed. First, Appellants claim that the Plan Commission failed to have a draft map ordinance available for public inspection prior to the public hearing. We have already determined that the statute contains no such requirement. Appellants next argue that the Plan Commission never submitted a certified form of map amendment to the County Commissioners, as required by IC 36-7-4-605. The statute, however, requires no specific form of certification, nor does it define the term "certify."

The ordinary and usual meaning of the term "certify" is "to attest or to present in formal communications." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 367 (1976). On December 27, 1995, the Plan Commission submitted a staff letter to the County Commissioners listing the items that had been considered by the Plan Commission at its public hearing, along with the approval letter it sent Brooks, a list of proposed conditions, the Plan Commission's staff report, and the staff map. This conveyance of information to the County Commissioners constitutes an adequate "certification" of the map amendment because it represents a presentation of the proposal in a formal communication. Further, the map amendment only represents the change to the zoning map caused by the text amendment, which *was* specifically certified by the Plan Commission.

■ Rezoning is a legislative process. *Hills v. Area Plan Comm'n of Vermillion County,* 416 N.E.2d 456, 461 (Ind.Ct.App. 1981). The General Assembly has provided detailed procedures to provide due process to interested persons. If the State imparts a due process right, then it must give that right. *City of Mitchell v. Graves,* 612 N.E.2d 149, 152 (Ind.Ct.App.1993). Because we conclude that the County Commissioners and the Plan Commission complied with all statutory procedures, there was no violation of Appellants' due process rights. The procedures employed in enacting the ordinance resulted in Appellants having three opportunities to prepare and present evidence in opposition. Each time, they appeared and presented their case to the decision-making body. Appellants were not denied due process of law.

■ Finally, Appellants argue that the trial court erred in dismissing the Plan Commission from the suit. They contend that the Plan Commission has the responsibility by statute to prepare the proposed forms of ordinance, give notice of the hearing, and make determinations and recommendations. These are all conditions precedent that must be satisfied before the County Commissioners can adopt proposals. Therefore, the Plan Commission's failure to carry out these duties made it a proper party to the litigation.

The Plan Commission is empowered to make two types of determinations: recommendations and decisions. *Hills,* 416 N.E.2d at 462. When the plan commission enjoys the ultimate authority, its actions constitute decisions. *Id.* At issue here is the Plan Commission's favorable recommendation of the proposed ordinance. The proposed ordinance was then forwarded to the County Commissioners, which had the ultimate authority to enact or reject it. The Plan Commission's actions in this case were purely advisory. *See id.; see also Commission of City of Hammond v. Pielet,* 167 Ind.App. 324, 327–28, 338 N.E.2d 648, 650–51 (1975) (discussing advisory nature of plan commission recommendations). Here, Appellants seek a declaration that the ordinance is void. Any claim for relief to strike the ordinance as void is directed at the acts of the legislative body, the County Commissioners. The trial court did not err in dismissing the Plan Commission from the suit.

Affirmed.

BAKER, J., concurs.

SULLIVAN, J., concurs in result.