## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 30 2019, 7:54 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jon L. Orlosky
Muncie, Indiana

ATTORNEYS FOR APPELLEES

Robert S. Garrett
Mark J. Wiley
Bowers, Brewer, Garrett, &
Wiley, LLP
Huntington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

M Doed, LLC,

*Appellant-Plaintiff,*

v.

Anthony Plasterer, Julia Plasterer,[1] Huntington County Auditor, and Huntington County Treasurer,

*Appellees-Defendants*

April 30, 2019

Court of Appeals Case No. 18A-MI-1743

Appeal from the Huntington Circuit Court

The Honorable Jamie M. Groves, Judge

Trial Court Cause No. 35C01-1609-MI-522

---

[1] Anthony and Julia Plasterer are the former owners of the property in question. They did not participate in the proceedings below, and they do not participate in this appeal.

**May, Judge.**

[1]     M. Doed, LLC ("Doed") appeals the trial court's denial of its motion to set aside tax sale as void. Doed argues the trial court erred because the Huntington County Treasurer ("Treasurer") had a duty under Indiana Code section 36-7-9-27(a) to notify Doed that the property purchased at a tax sale was subject to an Order of Enforcement, which subsequently resulted in the demolition of the house on the tax sale property. We affirm.

## Facts and Procedural History

[2]     On October 10, 2016, Doed purchased 530 William Street in Huntington, Indiana ("Property") at a tax sale.[2] On November 10, 2016, the City of Huntington-Community Development and Redevelopment demolished the house on the Property pursuant to an Order of Enforcement issued on the Property on June 15, 2016. Doed did not know about the Order of Enforcement.

---

[2] The trial court found:

> Prior to the tax sale, [Doed] was provided with a Lien Buyer Handout which provides, among other things, that the County Tax Sale is a buyer beware sale and all properties/tax liens are sold "as is" and that bidders are strongly encouraged to exercise due diligence and research properties and obtain the [sic] legal advice prior to purchasing tax liens in a County tax sale.

(Appealed Order at 2.) Doed's representative testified he inspected the Property prior to the sale but did not perform a title search. (*See* Tr. Vol. II at 34) (testimony of Doed representative Tom Terry).

On February 26, 2018, Doed filed a motion to set aside tax sale as void, alleging it was entitled to notice of the Order of Enforcement under Indiana Code section 36-7-9-27 and, because the Treasurer had not provided that notice, the tax sale of the Property was void. The Treasurer and the Huntington County Auditor ("Auditor") filed an objection to the motion, and the trial court held a hearing on the matter on April 3, 2018. The trial court denied Doed's motion on June 28, 2018.

# Discussion and Decision

Where, as here, a party has requested findings and conclusions under Indiana Trial Rule 52(A), our standard of review is well-settled. We must determine first whether the evidence supports the findings and, second, whether the findings support the judgment. *Maxwell v. Maxwell*, 850 N.E.2d 969, 972 (Ind. Ct. App. 2006), *reh'g denied*, *trans. denied*. We will disturb the judgment only where there is no evidence supporting the findings or the findings do not support the judgment. *Id*. We do not reweigh the evidence and we consider only the evidence favorable to the judgment. *Id*. Appellants must establish the findings are clearly erroneous, which occurs only when review of the record leaves us firmly convinced a mistake has been made. *Id*. We defer substantially to findings of fact, but we do not defer to conclusions of law. *Id*. A judgment is clearly erroneous if it relies on an incorrect legal standard.

*Id.* When a party requests findings and conclusions, a trial court is required to make complete special findings sufficient to disclose a valid basis on the issues for the legal result reached in the judgment. *Id.* The purpose of Rule 52(A) findings and conclusions is to provide the parties and reviewing courts with the theory on which the case was decided. *Id.*

[5] It is a "firmly-settled general rule that a purchaser at a tax sale buys at his own risk[.]" *State ex rel. McKenzie v. Casteel*, 110 Ind. 174, 179, 11 N.E. 219, 222 (1887). The facts in this case are undisputed, and Doed does not challenge the findings. Doed's argument asks us to examine the language of Indiana Code section 36-7-9-27, which states in relevant part:

> (a) A person who has been issued and has received notice of an order relative to unsafe premises and has not complied with that order:
>
> > (1) must supply full information regarding the order to a person who takes or agrees to take a substantial property interest in the unsafe premises before transferring or agreeing to transfer that interest; and
> >
> > (2) must, within five (5) days after transferring or agreeing to transfer a substantial property interest in the unsafe premises, supply the enforcement authority with written copies of:
> >
> > > (A) the full name, address, and telephone number of the person taking a substantial property interest in the unsafe premises; and

(B) the legal instrument under which the transfer or agreement to transfer the substantial property interest is accomplished.

[6] Our standard of review for issues that require us to interpret the language of a statute is well-settled:

> A question of statutory interpretation is a matter of law. In such interpretation, the express language of the statute and the rules of statutory interpretation apply. We will examine the statute as a whole[] and [we] avoid excessive reliance on a strict literal meaning or the selective reading of words. Where the language of the statute is clear and unambiguous, there is nothing to construe. However, where the language is susceptible to more than one reasonable interpretation, the statute must be construed to give effect to the legislature's intent. The legislature is presumed to have intended the language used in the statute to be applied logically and not to bring about an absurd or unjust result. Thus, we must keep in mind the objective and purpose of the law as well as the effect and repercussions of such a construction.

*Nash v. State*, 881 N.E.2d 1060, 1063 (Ind. Ct. App. 2008), *trans. denied*. "When interpreting a statute, this Court must ascertain the legislative intent by looking at the whole of the act." *Van Orman v. State*, 416 N.E.2d 1301, 1305 (Ind. Ct. App. 1981). Further, "it is just as important to recognize what a statute does not say as it is to recognize what it does say." *Rush v. Elkhart Cty. Plan Comm'n*, 698 N.E.2d 1211, 1215 (Ind. Ct. App. 1998), *trans. denied*. We may not "read into a statute that which is not the expressed intent of the legislature." *Id.* Finally, we "will not add

something to a statute that the legislature has purposely omitted." *Id*. Doed argues it is "a person who takes or agrees to take a substantial property interest" and thus the Treasurer was required to notify it of the Order of Enforcement regarding the Property prior to Doed purchasing the property. We disagree.

[7] Indiana Code section 36-7-9-2 defines "substantial property interest" as "any right in real property that may be affected in a substantial way by actions authorized by this chapter, including a fee interest, a life estate interest, a future interest, a mortgage interest, or an equitable interest of a contract purchaser." The same section defines "known or recorded substantial property interest" as

> any right in real property, including a fee interest, a life estate interest, a future interest, a mortgage interest, a lien as evidenced by a certificate of sale issued under IC 6-1.1-24, or an equitable interest of a contract purchaser, that:
>
> (1) may be affected in a substantial way by actions authorized by this chapter; and
>
> (2) is held by a person whose identity and address may be determined from:
>
>> (A) an instrument recorded in:
>>
>>> (i) the recorder's office of the county where the unsafe premises is located; or

> > (ii) the office of the county auditor of the county where the unsafe premises are located in the case of a lien evidenced by a certificate of sale issued under IC 6-1.1-24;
>
> > (B) written information or actual knowledge received by the department (or, in the case of a consolidated city, the enforcement authority); or
>
> > (C) a review of department (or, in the case of a consolidated city, the enforcement authority) records that is sufficient to identify information that is reasonably ascertainable.

Ind. Code § 36-7-9-2.[3]

[8] Indiana Code chapter 6-1.1-24 governs "Redemption of and Tax Deeds for Real Property Sold for Delinquent Taxes and Special Assessments." As Doed purchased the Property at a tax sale, he is properly characterized in this instance as a person with a "known or recorded substantial property interest" as defined by Indiana Code section 36-7-9-2. As Indiana Code section 36-7-9-27(a) specifically references a "substantial property interest" and does not include the distinction of "*known or recorded* substantial property interest," (emphasis added),

---

[3] This characterization of property interest is used when discussing to whom an enforcement authority is required to serve notice when it seeks to have a contractor perform an action required by certain types of orders. *See* Ind. Code § 36-7-9-10 (requiring service to "each person having a known or recorded substantial property interest" in a property).

Doed is not the type of individual described in the statute and thus was not entitled to notice of the Order of Enforcement on the Property. *See Rush*, 698 N.E.2d at 1215 (we "will not add something to a statute that the legislature has purposely omitted").

# Conclusion

[9] As Doed has not demonstrated[4] the trial court erred when it denied Doed's motion to set aside tax sale as void, we affirm.

[10] Affirmed.

Baker, J., and Tavitas, J., concur.

---

[4] We limit our opinion to those issues raised by the parties at trial and on appeal, which involve only the application of Indiana Code section 36-7-9-27. The trial court's order addressed Indiana Code section 36-7-9-27 specifically, stating:

> Subsection (A) of IC 36-7-9-27, applies to persons who are subject to the order and have received it via the notice procedure of IC 36-7-9-25. This subsection requires these persons to supply information regarding the order to persons taking a substantial property interest of public record in the property subject to the order.

> Under this subsection, the Court finds and Orders that the County has no such requirements as the County is not subject to the Order and has not received notice pursuant to IC 36-7-9-25.

(Appealed Order at 2.)