INDIANA DEPARTMENT OF STATE REVENUE, Appellant (Respondent below),

v.

TRUMP INDIANA, INC., Appellee (Petitioner below).

No. 49S10–0310–TA–484.

Supreme Court of Indiana.

Sept. 21, 2004.

Steve Carter, Attorney General of Indiana, Joby Jerrells, Nandita G. Shepherd, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Jeffrey S. Dible, Michael T. Bindner, Indianapolis, IN, Attorneys for Appellee.

Stephen H. Paul, Brent A. Auberry, Indianapolis, IN, Amicus Curiae RDI/Caesars Riverboat Casino, LLC.

ON PETITION FOR REVIEW FROM
THE INDIANA TAX COURT.

BOEHM, Justice.

The Indiana Tax Court held that a boat assembled in Florida and transferred to Indiana for use as a casino riverboat is not personal property and therefore not subject to sales and use taxation in Indiana. We hold that a boat delivered to Indiana is taxable as "tangible personal property" for purposes of the Indiana sales and use tax, even though it is also subject to property tax as real property once it is in place as a casino riverboat.

**Factual and Procedural Background**

Trump Indiana, Inc. operates a casino riverboat at Buffington Harbor on Lake Michigan. The boat was purchased in 1996 from Atlantic Marine, Inc., which built the boat in Florida, and delivered it to Trump in Indiana. Trump did not pay any Florida or Indiana sales tax or use tax in connection with its acquisition of the boat. Since 1997, Trump has paid real property taxes on the boat in the range of $1.1 million annually.

The Indiana Department of State Revenue audited Trump and proposed a sales and use tax assessment against Trump in excess of $2.3 million. Approximately $1.3 million of the assessment was attributable to use tax on the boat. The balance consisted of taxes on equipment subsequently purchased for use on the boat and interest

and penalties. The Indiana Department of State Revenue later reduced the deficiency to approximately $1.8 million, but affirmed the use tax on the boat. Trump paid the deficiency under protest and appealed to the Indiana Tax Court. On cross-motions for summary judgment, the Tax Court granted partial summary judgment for Trump, holding that the boat was exempt from the Indiana use tax and Trump therefore was entitled to a refund. *Trump Ind., Inc. v. Ind. Dep't of State Revenue,* 790 N.E.2d 192, 193 (Ind. Tax Ct.2003). The Department petitioned for review by this Court and we granted review. For the reasons discussed below, we reverse the Tax Court and hold that the boat is subject to the Indiana use tax.

## Standard of Review

■ This Court extends cautious deference to decisions within the Tax Court's special expertise and will not set aside the findings or judgment unless the decision is clearly erroneous. *Ind. Dep't of State Revenue v. Safayan,* 654 N.E.2d 270, 272 (Ind.1995). Indiana Tax Court Rule 10 provides that: "[t]he Court on appeal shall not set aside the findings or judgment of the Tax court unless clearly erroneous, and due regard shall be given to the opportunity of the Tax Court to judge the credibility of the witnesses." Identical language is found in Indiana Trial Rule 52(A). *See State Bd. of Tax Comm'rs v. Indianapolis Racquet Club,* 743 N.E.2d 247, 249 (Ind.2001) ("Review of a decision of the Tax Court is subject to the same 'clearly erroneous' standard of review as that provided in Indiana Trial Rule 52(A).... In conducting our review, we recognize that the Indiana Tax Court was established to develop and apply specialized expertise in the prompt, fair, and uniform resolution of state tax cases. Therefore, with regard to issues within the particular purview of the Tax Court, we exercise cautious deference.")

## Tangible Personal Property Subject to Use Tax

■ Indiana imposes a use tax at the same rate as the sales tax. The tax applies to the "storage, use or consumption" of "tangible personal property" acquired in a retail transaction, but exempts property that has been purchased in a transaction subject to Indiana sales tax and also gives a credit for sales taxes paid to other states. Ind.Code § 6–2.5–3–2 (1998). The net result is that the tax, sometimes referred to as a "compensating use tax", falls only on items that are bought at retail for use in Indiana but escape sales tax here and elsewhere.

The sales and use tax statute has no definition of "real property," "personal property," or "tangible personal property." The property tax statute, Indiana Code section 6–1.1–1–11(a) defines personal property as six listed categories, four of which (nursery stock, flowers for sale in pots, billboards, and foundations for buildings), are plainly irrelevant here. Items (4) and (6) in the list are:

(4) Motor vehicles, mobile houses, airplanes, boats not subject to the boat excise tax under I.C. 6–6–11, and trailers not subject to the trailer tax under I.C. 6–6–5;

(6) All other tangible property (other than real property) which is being: (A) held for sale in the ordinary course of a trade or business; (B) held, used, or consumed in connection with the production of income; or (C) held as an investment.

The effect of these definitions is to exclude from the property tax definition of "tangible personal property" some items, for example, household goods, that plainly are tangible personal property as that term is ordinarily understood.

The property tax statute also includes a list of items defined to be "real property." Item (5) of these is:

> (5) notwithstanding I.C. 6–6–6–7, [which exempts commercial vessels subject to tonnage tax from property tax] a riverboat: licensed under the provisions of I.C. 4–33–6.5 for which the department of local government finance shall prescribe standards to be used by township assessors.

I.C. § 6–1.1–1–15(5) (2004). The Department represents that a riverboat is subject to tonnage tax as a commercial vessel, and Trump does not dispute that. A boat subject to tonnage tax (basically a larger vessel) is exempt from the boat excise tax which is analogous to the motor vehicle excise tax. I.C. § 6–6–6–7 (1998). The net result is that a casino riverboat, even if subject to tonnage tax, is nevertheless "real property" as that term is defined for purposes of the property tax statutes. Thus, like the property tax definition of personal property, the property tax definition of real property is not wholly consistent with the ordinary meaning of the term. Presumably in recognition of these somewhat artificial definitions designed to effect specific property tax policies, the first section of the chapter of the property tax statute that supplies these definitions, Indiana Code section 6–1.1–1–1, expressly provides that they apply to "this article", i.e. to property taxes.

"Real property" is exempt from use taxation by the express terms of the use tax statute. *Grand Victoria v. Indiana Department of State Revenue*, 789 N.E.2d 1041, 1047 (Ind. Tax Ct.2003), was handed down the same day as the Tax Court decision in this case, and controlled the decision of the Tax Court in this case. In *Grand Victoria*, the Tax Court looked to the property tax definition of casino riverboats as "real property." Applying that definition to the use tax, the Tax Court held that casino riverboats were exempt from use tax. *Id.*

Certainly in some circumstances it is appropriate in interpreting one statute to look to definitions from another. But it is equally true that in some cases it is not. We do not agree that property tax statutory definitions apply to use tax statutes. First, as already noted, by the express terms of the property tax statute, these definitions apply to the property tax provisions. This in itself is inconclusive because the statute does not expressly provide that the definitions apply only to property tax provisions. More significantly, if those unusual definitions are applied to the use tax, a number of anomalous results are generated. For example, most types of personal property, including household items such as furniture, are captured as "other property" in item (6) of the property tax list of items that are "tangible personal property" and therefore subject to tax. The property tax definitions are designed to impose property taxes on furniture held in inventory by a retailer, but to exempt furniture in a home. This is accomplished by the requirement in item (6) that "other property" be "held for sale" before it is considered "tangible personal property." I.C. § 6–1.1–1–11(a)(6). If the property tax definition were imported into the sales and use tax statute, furniture purchased in another state by an Indiana resident for use in the home would not be subject to use tax because it is not "held for sale." This result would directly controvert the basic purpose of the use tax to compensate for unpaid sales tax and avoid incentives to purchase outside the state.

Apart from whether the statutory definitions for property tax purposes are applicable to the use tax provisions, the characterization of property as personalty or realty may vary from time to time. The

same physical item can be transformed from personalty to realty in many contexts. A rudimentary example is that of a fixture bought at a retail store and later installed in a building. The purchaser of the fixture is subject to sales tax (or use tax if bought outside Indiana) because the item is personalty at that point. However, once the fixture is installed permanently in the structure, it becomes part of the realty and is taxed as real property. Real property for purposes of property taxation is judged as of the assessment date, which is March 1 of every year for taxes payable in May and November of the following year. It is undisputed that, in its current state, as of March 1 each year the boat is realty for purposes of the property taxes. I.C. § 6–1.1–1–15(5). However, at the time the Florida manufacturer delivered the vessel in Indiana it was plainly a "boat," which is, in ordinary usage, personal property. When the boat was placed in service as a casino riverboat, by virtue of the definition in the property tax law it became real property subject to property tax. The General Assembly has the power to classify a single piece of property, in this case, a casino riverboat, first as realty and then as personalty to effectuate independent statutory schemes of taxation. *See, e.g.,* *United States Lines, Inc. v. State Bd. of Equalization,* 182 Cal.App.3d 529, 535, 227 Cal.Rptr. 347 (1986) (classification of affixed equipment as realty does not exclude classification of the same equipment as tangible personal property for sales tax purposes). Here, we have a casino riverboat that the Department properly taxed as personalty for purposes of the use tax when it entered Indiana, but which, once installed in service, became realty for purposes of property taxes.

For the reasons already given, we think the property tax definitions are inappropriate to interpretation of the sales and use tax provisions. When the Indiana General Assembly chooses a word without defining it, the court "must examine the statute as a whole and attribute the common and ordinary meaning to the undefined word, unless doing so would deprive the statute of its purpose or effect." *Consolidation Coal Co. v. Ind. Dep't of State Revenue,* 583 N.E.2d 1199, 1201 (Ind.1991) (citations omitted). Indeed, the statutes direct us that "words and phrases shall be taken in their plain, or ordinary and usual, sense." I.C. § 1–1–4–1 (1998). *See also* *Ind. Dep't of State Revenue v. Hardware Wholesalers,* 622 N.E.2d 930, 932–33 (Ind. 1993); *Cf. UACC Midwest, Inc. v. Ind. Dep't of State Revenue,* 667 N.E.2d 232, 237 (Ind. Tax Ct.1996). Because the General Assembly did not define "tangible personal property" for purposes of the sales and use tax, we apply the ordinary meaning of the phrase. Black's Law Dictionary defines personal property as "any movable or intangible thing that is subject to ownership and not classified as real property." *Black's Law Dictionary* 1254 (8th ed.2004). By this rather ordinary definition, a casino riverboat, like any other boat, is "tangible personal property." As such, its purchase rendered it subject to use tax.

## Conclusion

The decision of the Tax Court is reversed.

SHEPARD, C.J. and DICKSON, SULLIVAN and RUCKER, JJ., concur.