ATTORNEYS FOR PETITIONER
Gregory F. Zoeller
Attorney General of Indiana

John D. Snethen
Deputy Attorney General

Matthew R. Nicholson
Deputy Attorney General

Timothy A. Schultz
Deputy Attorney General

Jennifer E. Gauger
Deputy Attorney General

Andrew W. Swain
Deputy Attorney General
Indianapolis, Indiana

ATTORNEYS FOR RESPONDENT
Stephen H. Paul
Jon B. Laramore
Brent A. Auberry
Fenton D. Strickland
Baker & Daniels LLP
Indianapolis, Indiana

ATTORNEY FOR AMICUS CURIAE
INDIANA CHAMBER OF COMMERCE
Geoffrey Slaughter
Taft Stettinius & Hollister LLP
Indianapolis, Indiana

ATTORNEYS FOR AMICUS CURIAE
COUNCIL ON STATE TAXATION
Mark J. Richards
Brian J. Paul
Ice Miller LLP
Indianapolis, Indiana

FILED
Feb 09 2011, 9:05 am

CLERK
of the supreme court,
court of appeals and
tax court

## In the
## Indiana Supreme Court

No. 49S10-1010-TA-519

INDIANA DEPARTMENT OF
STATE REVENUE,

*Petitioner below,*

v.

BELTERRA RESORT INDIANA, LLC,

*Respondent below.*

Petition for Review from the Indiana Tax Court, No. 49T10-0605-TA-49
The Honorable Thomas G. Fisher, Judge

**ON PETITION FOR REHEARING**

**February 9, 2011**

**Rucker, Justice.**

Belterra Resort Indiana, LLC ("Belterra") seeks rehearing of this Court's opinion in which we determined that capital contributions are not automatically exempt from Indiana use tax. See Ind. Dep't of State Revenue v. Belterra Resort Ind., LLC, 935 N.E.2d 174 (Ind. 2010). The essential facts are these. The Indiana Department of Revenue ("Department") imposed upon Belterra a use tax assessment in the amount of $1,869,783.00 plus penalty and interest due to Belterra's acquisition of a riverboat from its parent company, Pinnacle Entertainment, Inc. Id. at 176. On appeal the Tax Court granted summary judgment in favor of Belterra, holding that under the circumstances Belterra was not subject to use tax. On review we reversed the Tax Court's decision and entered summary judgment in favor of the Department. In doing so we held the "step transaction" doctrine applied to Pinnacle Entertainment's capital contribution of the riverboat; thus the contribution was a retail transaction subject to Indiana use tax. Id. at 180.

In its petition for rehearing Belterra argues (a) this Court misapplied the "step transaction" doctrine,[1] (b) even if the Court properly applied the doctrine conflicting factual inferences nonetheless preclude summary judgment in the Department's favor, and (c) because the Tax Court entered summary judgment in favor of Belterra, it did not address the question of whether Belterra is subject to a tax penalty. We grant rehearing to address this latter argument.

Indiana Code section 6-8.1-10-2.1(a)(3) provides in relevant part that if a taxpayer "incurs, upon examination by the department, a deficiency that is due to negligence . . . the person is subject to a penalty." However, "[i]f a person subject to the penalty imposed under this section can show that the failure to . . . pay the deficiency determined by the department was due to reasonable cause and not due to willful neglect, the department shall waive the penalty." I.C. § 6-8.1-10-2.1(d). The Department's rule defines "negligence" as "the failure to use such reasonable care, caution, or diligence as would be expected of an ordinary reasonable taxpayer." 45 Ind. Admin. Code 15-11-2(b). Negligence "shall be determined on a case by case basis according to the facts and circumstances of each taxpayer." Id. To establish reasonable cause

---

[1] In support of this argument Belterra contends, among other things, "this Court's decision creates confusion in Indiana tax law by applying the use tax to a capital contribution." Belterra's Pet. for Reh'g at 7; accord Br. Amicus Curiae of Ind. Chamber of Commerce at 2. As we noted in our original opinion several states expressly provide by statute that capital contributions are excluded from use tax. See Belterra, 935 N.E.2d at 178 n.1 (providing examples). In this jurisdiction the Legislature has not excluded capital contributions from the reach of Indiana use tax. Of course the Legislature may certainly do so if it so desires.

for not paying the tax, the taxpayer "must demonstrate that it exercised ordinary business care and prudence" in failing to remit the tax. 45 I.A.C. 15-11-2(c). "Reasonable cause is a fact sensitive question and thus will be dealt with according to the particular facts and circumstances of each case." Id.

In its appeal to the Tax Court, Belterra sought summary judgment on various grounds including that it was not subject to the penalty. To support its motion Belterra designated several documents including affidavits, the pleadings and attached exhibits, joint stipulations of the parties, and excerpts from Revenue Rulings regarding the application of sales and use tax to capital contributions. Belterra's Supplemental App. at 1, 22-26. The Department designated no evidence in response. Instead it filed a Motion for Judgment on the Pleadings, which the Tax Court treated as a cross motion for summary judgment. See Petitioner's App. at 69-70.

Here Belterra argues that its position on capital contributions was consistent with prior Indiana law, see Grand Victoria Casino & Resort, LP v. Indiana Department of State Revenue, 789 N.E.2d 1041, 1045 (Ind. Tax Ct. 2003), and that the Department had previously ruled that capital contributions were not subject to tax. Thus, according to Belterra, it has demonstrated that in failing to pay the use tax it was not negligent; rather, failing to pay the use tax was based upon the exercise of reasonable care. In any event, Belterra insists, that even if it is subject to the penalty, the penalty should be waived because its failure to pay was based on reasonable cause and not due to willful neglect. The Department counters that Belterra's argument is untimely in that "Belterra never submitted any evidence that it exhausted its administrative remedies with respect to the penalty." Resp. in Opp'n to Reh'g at 4.

We are of the opinion that this issue is not ripe for review. The Indiana Tax Court was established to develop and apply specialized expertise in the prompt, fair, and uniform resolution of state tax cases. State Bd. of Tax Comm'rs v. Indianapolis Racquet Club, Inc., 743 N.E.2d 247, 249 (Ind. 2001). This Court extends cautious deference to decisions within the special expertise of the Tax Court. Ind. Dep't of State Revenue v. Safayan, 654 N.E.2d 270, 272 (Ind. 1995). We extend the same presumption of validity to Tax Court rulings on summary judgments and apply the same standard of review. Ind. Dep't of State Revenue v. Bethlehem Steel Corp., 639 N.E.2d 264, 266 (Ind. 1994). That is, when a summary judgment involves a question of law

3

within the particular purview of the Tax Court, cautious deference is appropriate.  <u>Id.</u>  Applying this deference here, we remand this matter to the Tax Court to determine the timeliness of Belterra's argument and if timely whether Belterra is subject to the penalty and if so whether the penalty should be waived.

We grant rehearing and modify our original opinion as set forth herein.  In all other respects the original opinion is affirmed.

Shepard, C.J., and Sullivan and David, JJ., concur.
Dickson, J., concurs in result, believing that rehearing should also be granted to revisit the Court's decision on the "step transaction" issue.