**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 26 2012, 9:00 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**GARY L. MILLER**
MillerMeyer LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEES:

**KATIE J. KAWIECKI**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MERIDIAN S.E.T., LLC, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1106-PL-482 |
| | ) | |
| AUDITOR OF MARION COUNTY, | ) | |
| ASSESSOR OF MARION COUNTY, and | ) | |
| CITY OF INDIANAPOLIS/MARION COUNTY, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |
| | ) | |

APPEAL FROM THE MARION CIRCUIT COURT
The Honorable Louis F. Rosenberg, Judge
Cause No. 49C01-0810-PL-047676

**January 26, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Meridian S.E.T., LLC, appeals the trial court's grant of summary judgment in favor of Billie Breaux, the Auditor of Marion County, Greg Bowes, the Assessor of Marion County, and the City of Indianapolis (collectively, "the City"). Specifically, Meridian contends that its compliance with the certification requirements of a city ordinance gave rise to an enforceable contract between Meridian and the City. Concluding that the alleged contract lacked consideration and that estoppel was waived but nonetheless inapplicable, we affirm.

**Facts and Procedural History**

In June 2006, the Indianapolis City Council adopted ordinance 135-225 ("the ordinance"), which requires that real estate disclosure forms be filed electronically in Marion County by vendors approved for this purpose.[1] According to the ordinance, these vendors are to be certified by the Auditor. The ordinance provides that upon receiving certification, a vendor "shall remain certified for five (5) years after the date of certification." Indianapolis, Ind., Rev. Code § 135–225(b). Under the ordinance, a vendor's certification may be revoked where the Auditor determines that the vendor's electronic filing program is deficient, notifies the vendor in writing of those deficiencies, and the vendor fails to correct said deficiencies within ten days. *Id.* at § 135–225(c).

Meridian developed an online service for filing disclosure forms and sought certification under the terms of the ordinance. The Auditor at that time, Martha Womacks-McAtee, approved Meridian's filing program in October 2006. In 2007, a new

---

[1] *See* http://www.indy.gov/eGov/City/DCE/Resources/Pages/municode.aspx (last visited Jan. 5, 2012).

Auditor, Billie Breaux, took office. Meridian continued to operate as a certified vendor until mid-2008. Meridian's program included collection of a filing fee on behalf of the City, a portion of which Meridian received. In the fall of 2008, the Assessor's office issued a press release informing the public that effective November 1, 2008, all disclosure forms were to be filed electronically and free of charge through an online program offered by the Indiana Department of Local Government Finance. *See* Appellant's App. p. 154. This press release served as revocation of Meridian's certification.[2] Meridian was not informed of any program deficiencies in writing or otherwise as required by the ordinance.

Meridian filed suit against the City in Marion Circuit Court in October 2008, claiming breach of contract.[3] Meridian sought damages for lost revenue and future earnings as well as costs associated with the development of its electronic filing program and its subsequent termination. In September 2010, Meridian filed a motion for partial summary judgment. The City filed a cross-motion for summary judgment and response in opposition to Meridian's motion, arguing that no valid contract existed between the parties. In April 2011, the trial court granted the City's motion for summary judgment, finding that there was no writing establishing any alleged contract between the parties. *See id.* The trial court further concluded that there was no evidence that the City had

---

[2] The record indicates Breaux may have believed that Meridian was not properly certified. *See* Appellant's App. p. 101. Nonetheless, both the City and Meridian refer to Meridian as being certified, *id.* at 8; Appellee's App. p. 3, and we note Womack-McAtee's testimony that she certified Meridian. *See* Appellant's App. p. 56.

[3] The complaint also asserted claims for defamation and intentional interference with a business relationship, which were later dismissed. *See* Appellant's App. p. 169.

assented to any contractual relationship, there had been no showing of consideration, and "no showing of wrong that justice should remedy." *Id.* at 155-56.

Meridian now appeals.

## Discussion and Decision

Meridian contends that an enforceable contract existed between the parties and that the trial court erred in granting summary judgment in favor of the City. In support of this claim, Meridian argues that the requirements for a valid contract—offer, acceptance, consideration, and manifestation of mutual assent—exist here. The contract arose, Meridian argues, when Meridian complied with the terms of the ordinance and received certification. So long as Meridian complied with the terms of the ordinance and its program was not found to be deficient, Meridian claims that the City was obligated to honor the five-year certification provision found in the ordinance and failure to do so constituted breach of contract.

When reviewing the entry or denial of summary judgment, our standard of review is the same as that of the trial court: summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C); *Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267, 1269 (Ind. 2009). All facts established by the designated evidence, and all reasonable inferences from them, are to be construed in favor of the nonmoving party. *Naugle v. Beech Grove City Sch.*, 864 N.E.2d 1058, 1062 (Ind. 2007).

## I. Consideration

4

On appeal, Meridian argues at length that consideration existed, contrary to the trial court's findings. In response, the City argues that the dispositive issue here is mutuality of obligation. Our Supreme Court explained many years ago that consideration, rather than mutuality of obligation, is what is required for contract formation. *See Jordan v. Indianapolis Water Co.*, 159 Ind. 337, 64 N.E. 680, 683 (1902) (stating that "it is enough to give mutuality to a contract that is entire in its character, if there is a consideration, on both sides for its performance."); s*ee also* 7 Richard A. Lord, *Williston on Contracts* § 7:14 (4th ed. 2001) ("It is . . . better . . . to take the position, as the Restatement [of Contracts], Second does, that no requirement of mutuality of obligation exists so long as the requirement of consideration is met.").

Consideration is defined as "[s]omething (such as an act, a forbearance, or a return promise) bargained for and received by a promisor from a promise." *Black's Law Dictionary* 324 (8th ed. 2004). "To constitute consideration, there must be a benefit accruing to the promisor or a detriment to the promisee." *Ind. Dep't of State Revenue v. Belterra Resort Ind., LLC*, 935 N.E.2d 174, 179 (Ind. 2010) (quotations omitted) *modified on reh'g on other grounds by Ind. Dep't of State Revenue v. Belterra Resort Ind., LLC*, 942 N.E.2d 796 (Ind. 2011). A benefit exists where a legal right is given to the promisor to which the promisor would not otherwise be entitled. *Id.* By contrast, a detriment is a legal right the promisee has surrendered. *Id.*

Meridian contends that consideration was exchanged when the City granted certification to Meridian, which in turn allowed Meridian to "perform services by assisting customers," which included collecting filing fees. *See* Appellant's Br. p. 19.

We disagree. Seeking and ultimately receiving certification from the City did not require Meridian to surrender or relinquish any legal right. Meridian could have abandoned its quest for certification at any time without penalty. As the City also notes, receiving certification did not require Meridian to act or to provide electronic filing services. The ordinance also did not provide the City a legal right to which it would not otherwise be entitled. Had Meridian chosen not to provide electronic filing services after receiving certification, the City would have no legal recourse against Meridian. We conclude that there was no bargained-for exchange between Meridian and the City, and thus no contract exists.[4]

The City argues in the alternative that if we were to find that a contract exists, Meridian is essentially claiming it entered into a contract with the City to provide a service. *See* Appellant's Br. p. 19 (Meridian states, "Meridian began to perform services" which included forwarding fees and filing reports to the City). Indianapolis, Ind., Rev. Code section 141–102(e) provides that a contract entered into by the city for the purchase of goods or services must "bear appropriate notations and signature lines showing that it was reviewed and approved . . . .[A] contract that is executed without the approval of the office of corporation counsel, the city controller, or the mayor as required by this section shall be voidable on that basis alone."

Neither the office of corporation counsel, the city controller, nor the mayor reviewed and approved a contract between Meridian and the City. We conclude that the

---

[4] Meridian argues that the City cannot claim inadequate consideration. *See* Appellant's Br. p. 19. Meridian is correct in stating that it would be improper for us to inquire as to the adequacy of consideration. *See Stainbrook v. Low*, 842 N.E.2d 386, 396 (Ind. Ct. App. 2006), *trans. denied*. However, the issue here is not the adequacy of consideration but rather its existence.

alleged contract at issue here would be voidable due to failure to comply with the requirements of Section 141–102(e).

## II. Estoppel

Meridian also contends that "the [City] should be estopped from claiming that Meridian is not entitled to relief." Appellant's Br. p. 27. The record reveals that Meridian failed to argue the applicability of estoppel at the trial level. Because Meridian now raises this argument for the first time on appeal, the issue is waived. *See Stainbrook*, 842 N.E.2d at 396.

Nonetheless, Meridian's claim that "the [City] did not have to terminate the contract with Meridian," and subsequent explanation of other actions the City might instead have taken, does not persuade us that estoppel is warranted here. Appellant's Br. p. 29. As explained previously, the alleged contract upon which Meridian relies did not comply with the requirements of Section 141–102(e). We have held that a party may not seek relief by asserting the theory of estoppel where the underlying agreement would be unenforceable due to noncompliance with statutory requirements. *See Ohio Valley Plastics v. Nat'l City Bank*, 687 N.E.2d 260, 264 (Ind. Ct. App. 1997) (explaining that "were this not the rule the statute would be rendered virtually meaningless because the frustrated claimant would always assert an oral promise/agreement to defeat by means of estoppel the statute's requirement for a written one."), *trans. denied*. This rationale, articulated in *Ohio Valley Plastics* in the context of the Statute of Frauds, is equally applicable here. The trial court found no writing establishing any alleged contract between the parties, and to the extent Meridian relies on the ordinance as evidence of the

7

alleged contract, the ordinance does not comply with Section 141–102(e), which requires notations and signatures indicating review and approval by city officials. Allowing Meridian to assert a claim of estoppel here would permit Meridian to circumvent the purpose of the section, that of ensuring proper review and approval of potential city contracts, rendering the technical requirements of the section meaningless.

For the reasons set forth above, we conclude that the trial court did not err in granting summary judgment in favor of the City.

Affirmed.

ROBB, C.J., and NAJAM, J., concur.