

FILED

Apr 26 2016, 9:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Joe Duepner
Noblesville, Indiana

Chris Evans
Noblesville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Aaron T. Craft
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Richard Scott Lambert, *Appellant-Petitioner,* <br><br> v. <br><br> Michael Shipman and Kent Abernathy, *Appellees.* | April 26, 2016 <br><br> Court of Appeals Case No. 89A01-1508-MI-1253 <br><br> Appeal from the Wayne Superior Court <br><br> The Honorable Darrin M. Dolehanty, Judge <br><br> Trial Court Cause No. 89D03-1507-MI-65 |

**Altice, Judge.**

## Case Summary

[1] Richard Lambert appeals the denial of his verified petition seeking rescission of a lifetime suspension of his driving privileges. Lambert presents two issues for our review, which we restate as:

1. Does a trial court have authority to deny a petition for rescission of a lifetime suspension of driving privileges brought under Ind. Code § 9-30-10-14.1?

2. Did the trial court err in denying Lambert's petition?

We affirm.

## Facts & Procedural History

Lambert was born on June 29, 1968. His driving privileges were initially suspended around 1987 or 1988 as a result of "a couple speeding tickets" and other minor traffic violations. *Transcript* at 4. Despite the suspension of his driving privileges, Lambert continued to drive and was caught driving on a suspended license on several occasions. He was ultimately determined to be a habitual traffic violator (HTV).[1] Since the initial suspension of his driving privileges, Lambert has been issued three additional lifetime suspensions as a result of having driven on a suspended license after having been determined to

---

[1] Broadly speaking, a driver who accumulates multiple judgments for traffic offenses within a ten-year period may be deemed an HTV depending on the type and number of judgments. *See* I.C. § 9-30-10-4. Once the driver is determined to be an HTV, his or her driving privileges are suspended for anywhere from five years to life, depending on the nature and quantity of the HTV-qualifying offenses. *See* I.C. § 9-30-10-5. A person who knowingly continues to drive while his or her license is suspended under the HTV statute commits a Level 6 (formerly a Class D) felony. I.C. § 9-30-10-16(a).

be an HTV.[2]  The most recent lifetime suspension occurred in July 2011 in Johnson County.[3]

[4]     On July 6, 2015, Lambert filed a verified petition for rescission of the lifetime suspension of his driving privileges.  The trial court held a hearing on August 3, 2015.  Lambert testified that he owns a construction company in Wayne County and that all of his convictions and lifetime suspensions stemmed from him driving to or from work.  He also informed the court that he has two children, ages fifteen and eleven, and that he and his wife take care of his disabled mother-in-law.  According to Lambert, he has never been in trouble for anything except the speeding violations and driving on a suspended license as an HTV.  Lambert asserts that none of his traffic convictions resulted in injury or death to an individual or involved operating a vehicle while intoxicated.

[5]     After the presentation of evidence, the trial court expressed its concerns as follows:

> It bugs me.  Now I think it would bug any judge that you've got three (3) lifetime suspensions, you know?  The good part for you is the way that you ended up – the snowball started for you with piddly stuff, nothing horrible.  You know, if there are drunk driving cases and convictions out there, that's a pretty easy no under those circumstances.  I don't consider this an easy no.  I don't consider it an easy yes, either.  But I want to think about it.

---

[2] Prior to July 1, 2015, a person convicted of a felony pursuant to I.C. § 9-30-10-16(a) had his or her privileges suspended for life.  *See* I.C. § 9-30-10-16(c) (amended by P.L. 188-2015, effective July 1, 2015).

[3] Lambert did not introduce his driving record into evidence so all such evidence is taken from his petition and his testimony during the hearing on his petition.

It does bug me that you've been suspended for life three (3) times, because that means you've had different judges tell you, "Now [Lambert], no more driving." And it's part of your sentence that you don't drive, and you did anyway. That bugs me, but I think it'd bug any judge. But those are the things that I want to think about.

*Transcript* at 14-15. The court then took the matter under advisement. Later that same day, the court issued an order denying Lambert's petition. Specifically, the court concluded:

[Lambert]'s driving privileges have been suspended for life, on three separate occasions. The most recent lifetime suspension was ordered by the Johnson Superior Court #3, on or about July 6, 2011. Given the fact that [Lambert] has only served four years of suspension, for his third lifetime suspension, the Court concludes simply that not enough time has passed since the entry of that third suspension, and that it is not in the best interest of society for [Lambert]'s driving privileges to be reinstated at this time. The Court further concludes that there has not been a substantial change in [Lambert]'s circumstances such as to make unreasonable the lifetime forfeiture of his driving privileges.

*Appellant's Appendix* at 3. Lambert now appeals.

## Discussion & Decision

Effective July 1, 2015, the legislature added I.C. § 9-30-10-14.1 to provide an avenue for a person whose driving privileges have been suspended for life to seek rescission of the suspension and reinstatement of driving privileges. The statute authorizes certain individuals to bring a petition after ten years of the lifetime suspension have elapsed (*see* I.C. § 9-30-10-14.1(b)), but other

individuals who meet certain additional requirements may bring a petition after three years of the lifetime suspension have elapsed. *See* I.C. § 9-30-10-14.1(f). Five days after this statute went into effect, Lambert filed his petition pursuant to subsection (f). Specifically, the statute provides, in pertinent part, as follows:

> (c) A petition for rescission and reinstatement under this section must meet the following conditions:
>
> > (1) Be verified by the petitioner.
> >
> > (2) State the petitioner's age, date of birth, and place of residence.
> >
> > (3) Describe the circumstances leading up to the lifetime suspension of the petitioner's driving privileges.
> >
> > (4) Aver a substantial change in the petitioner's circumstances of the following:
> >
> > > (A) That indicates the petitioner would no longer pose a risk to the safety of others if the petitioner's driving privileges are reinstated.
> > >
> > > (B) That makes the lifetime suspension of the petitioner's driving privileges unreasonable.
> > >
> > > (C) That indicates it is in the best interests of society for the petitioner's driving privileges to be reinstated.
> >
> > (5) Aver that the requisite amount of time has elapsed since the date on which the order for the lifetime

suspension of the person's driving privileges was issued as required under subsections (b)[4] and (f).

(6) Aver that the petitioner has never been convicted of a violation described in section 4(a) of this chapter.

(7) Be filed in a circuit or superior court having jurisdiction in the county where the petitioner resides. If the petitioner resides in a state other than Indiana, the petition must be filed in the county in which the most recent Indiana moving violation conviction occurred.

(8) If the petition is being filed under subsection (f), aver the existence of the conditions listed in subsection (f)(1) through (f)(3).

* * *

(f) A person whose driving privileges have been suspended for life may petition a court in a civil action for a rescission of the suspension order and reinstatement of driving privileges if all of the following conditions exist:

(1) Three (3) years have elapsed since the date on which the order for lifetime suspension of the petitioner's driving privileges was issued.

(2) The petitioner's lifetime suspension was the result of a conviction for operating a motor vehicle while the person's

---

[4] Subsection (b) authorizes an individual to bring a petition after ten years of the lifetime suspension has elapsed so long as the individual has not been convicted of any violation that resulted in death or any conviction for leaving the scene of an accident resulting in death or injury.

driving privileges were suspended because the person is a habitual violator.

(3) The petitioner has never been convicted of a violation described in section 4(a) or 4(b) of this chapter other than a judgment or conviction for operating a motor vehicle while the person's driver's license or driving privileges were revoked or suspended as a result of a conviction of an offense under IC 9-1-4-52 (repealed July 1, 1992), IC 9-24-18-5(b) (repealed July 1, 2000), IC 9-24-19-2, or IC 9-24-19-3.

[6] On appeal, Lambert argues that I.C. § 9-30-10-14.1 confers no judicial discretion, and thus, because he made a prima facie case as to the conditions listed in subsections (c) and (f), he was entitled to relief. Lambert also argues that the trial court misinterpreted the requirements of I.C. § 9-30-10-14.1 in concluding that "not enough time has passed since the entry of that third suspension." *Id*. Finally, Lambert argues that the trial court erred in concluding that there was no substantial change in circumstances.

[7] We first consider Lambert's argument that the trial court was without authority to deny his petition. Lambert asserts that I.C. § 9-30-10-14.1 affords no discretion to the trial court in determining whether to rescind the lifetime suspension of his driving privileges. Thus, Lambert asserts that after he presented a prima facie case, the trial court was required to grant his petition. We disagree with Lambert's interpretation of the statute.

[8] Statutory interpretation is a question of law, which we review de novo. *Richardson v. Town of Worthington*, 44 N.E.3d 42, 45 (Ind. Ct. App. 2015). The

primary goal in interpreting a statute is to give effect to the legislature's intent. *Crowel v. Marshall County Drainage Bd.*, 971 N.E.2d 638, 645 (Ind. 2012). The best indicator of legislative intent is the statutory language, and where the statute is clear and unambiguous, we apply it as drafted without resort to the nuanced principles of statutory construction. *Id.* at 646; *see also Hutchinson v. City of Madison*, 987 N.E.2d 539, 544 (Ind. Ct. App. 2013), *trans. denied*. We also examine the statute as a whole and presume that the legislature intended the language used to be applied logically so as to avoid an unjust or absurd result. *Id.*

[9] As noted above, I.C. § 9-30-10-14.1 was created to provide an avenue for relief for a person who has had his or her driving privileges suspended for life. The language of I.C. § 9-30-10-14.1(a) clearly provides that a person "may petition" a court in a civil action for a rescission of the suspension order. I.C. § 9-30-10-14.1(f). Subsection (c) and, as applicable herein, subsection (f), identify specific averments that must be contained in a petition. Some of the conditions for obtaining relief under I.C. § 9-30-10-14.1 are straightforward and easily established. For example, an averment that the petitioner has never been convicted of an offense under I.C. § 9-30-10-4(a) or that the requisite amount of time has passed since the date on which the order for the lifetime suspension was issued can easily be established by submitting into evidence the petitioner's driving and/or criminal record or testimony regarding the same.

[10] Other conditions for obtaining relief, however, are not so readily established. For example, the petitioner is required to aver that there has been a "substantial

change" in circumstances such that (1) the petitioner no longer poses a risk to the safety of others if the privileges are reinstated; (3) the lifetime suspension is unreasonable; and (3) it is in the best interest of society for the petitioner's driving privileges to be reinstated. I.C. § 9-30-10-14.1(c)(4)(A-C). Inherent in each of these conditions is that the trier of fact—the trial court—must exercise its discretion and draw inferences from the averments made and evidence presented to determine whether a substantial change has been shown and then whether such change weighs in favor of the petitioner. It is the trier of fact, not the petitioner, who is required to make a judgment call as to what is unreasonable, whether the petitioner poses a safety risk to others, or what is in the best interests of society. This decision necessarily involves a weighing of a variety of factors and a consideration of the specific circumstances. To simply allow a petitioner to make averments as to each of these conditions and require a trial court to accept them was clearly not the intent of the legislature. The most logical interpretation of the statute is that it is the petitioner's burden to persuade the factfinder to draw inferences in his or her favor based on the specific averments and evidence presented.

[11] We recognize that I.C. § 9-30-10-14.1 does not include language similar to I.C. § 9-30-16-3[5] that specifically affords a trial court discretion to stay a suspension and grant a specialized driving privilege. Noticeably absent from I.C. § 9-30-10-

---

[5] "If a court orders a suspension of driving privileges under this chapter, or imposes a suspension of driving privileges under IC 9-30-6-9(c), the court *may* stay the suspension and grant a specialized driving privilege." I.C. § 9-30-16-3(a) (emphasis supplied).

14.1, however, is any mandate that the trial court must grant a petition based on the averments contained therein. Rather, I.C. § 9-30-10-14.1 delineates a list of conditions that must be met, some of which a trial court must determine within its discretion, before rescission of a lifetime suspension may be had.

[12] Given the language employed in the statute and the nature of the conditions that must be met before relief may be granted, we conclude that the legislature intended to afford the trial court discretion in determining whether to rescind a lifetime suspension of driving privileges. Thus, contrary to Lambert's assertion, the right to petition the court with specific averments relating to the required conditions does not equate to an automatic right to relief.

[13] Lambert also argues that the trial court erred in denying his petition. Lambert first argues that the trial court misapplied the law by concluding that "not enough time has passed since entry of that third suspension." *Appellant's Appendix* at 3. There is no dispute that Lambert's petition was made pursuant to I.C. § 9-30-10-14.1(f), which permits the filing of a petition if, in relevant part, "[t]hree (3) years have elapsed since the date on which the order for lifetime suspension of the petitioner's diving privileges was issued." It is also undisputed that Lambert's last lifetime suspension was issued four years prior to the filing of his petition. Nonetheless, our consideration of the record before us leads us to conclude that Lambert's argument is misplaced because he misinterprets the trial court's conclusion.

[14]     At the conclusion of the hearing, the trial court expressed its concern that Lambert refused to obey prior court orders that he not drive as evidenced by the fact that Lambert had been issued three separate lifetime suspensions. In light of this concern, we find that the trial court's conclusion that "not enough time has passed" was an expression of the trial court's determination that Lambert's lifetime suspension had not been in effect for a sufficient amount of time given his history. In other words, the statement was not directed to the three-year statutory requirement for filing the petition. The statute does not preclude the trial court's consideration of the time elapsed since the suspension order as part of its determination whether rescission is in society's best interest, particularly where the petitioner has multiple lifetime suspensions. We therefore conclude that the trial court did not err in this regard.

[15]     Lambert also argues that the trial court erred in concluding that there had not been a substantial change in his circumstances. We begin by noting that although Lambert testified he owned a construction business, had two children, and helped care for his disabled mother-in-law, Lambert did not explain how these circumstances were any different than in the past. Lambert noted that his lifetime suspensions resulted from him driving to and from work (after he was determined to be an HTV) and Lambert's children are simply older now. Lambert did not elaborate on how he helps with his mother-in-law. In short, Lambert failed to establish that there was any change in circumstances, let alone a substantial one.

[16]     Moreover, as noted above, the trial court, in concluding that not enough time had passed, indicated that it was persuaded more by the fact that Lambert had accumulated three lifetime suspensions and that after each suspension, he chose to ignore court orders that he not drive.  The significance the trial court put on Lambert's history was a matter within its discretion and supported its determination that rescission of Lambert's lifetime suspension was not in the best interests of society and that his lifetime suspension was not unreasonable. Based on the foregoing, we conclude that the trial court did not err in denying Lambert's petition for rescission of the lifetime suspension of his driving privileges.

[17]     We affirm.

[18]     Robb, J. and Barnes, J. concur.