

FILED

Oct 26 2016, 8:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Ray L. Szarmach<br>Merrillville, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana |
| | Kyle Hunter<br>Deputy Attorney General<br>Indianapolis, Indiana |

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| George D. Jones,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana, et al.,<br>*Appellee-Plaintiff.* | October 26, 2016<br><br>Court of Appeals Case No.<br>89A01-1604-MI-937<br><br>Appeal from the Wayne Superior Court<br><br>The Honorable Darrin M. Dolehanty, Judge<br><br>Trial Court Cause No.<br>89D03-1602-MI-6 |

**Altice, Judge.**

### Case Summary

[1] George D. Jones appeals the denial of his petition for specialized driving privileges, which he filed about six and a half years after having his Indiana

driver's license suspended for life by the trial court. On appeal, Jones contends that the trial court improperly denied his petition. Jones asks that we remand the case to the trial court with instructions to stay the lifetime suspension and issue specialized driving privileges with the condition that he be required to use a photo/video ignition interlock device.

[2] We affirm.

### Facts & Procedural History

[3] In 2009, Jones pled guilty to class D felony operating a motor vehicle after being suspended as a habitual traffic violator (Count I) and class D felony operating a vehicle while intoxicated (OWI) with a prior OWI conviction within five years (Count II). Pursuant to the plea agreement, on July 27, 2009, the trial court sentenced Jones on Count I to three years in prison and suspended Jones's license to drive for life. On Count II, Jones was sentenced to a concurrent term of three years in prison and his license to drive was suspended for two years.

[4] After his release from prison in 2010, Jones moved to Mississippi and began working for a roofing company as a laborer. He is now the operations manager of the company's Biloxi, Mississippi location. Jones is being considered for a promotion, which would require a driver's license and regular travel between Mississippi and Louisiana. He cannot obtain a Mississippi driver's license without first having his driving privileges restored in Indiana.

[5] On February 17, 2016, Jones, then age thirty-six, filed a verified petition for specialized driving privileges[1] with the trial court that had previously suspended his driving privileges for life. Jones alleged, among other things, that he has had no contact with the criminal justice system since his release from prison and has had no driving violations. Additionally, he noted that he has recently obtained sole physical custody of his two young children.[2] Jones asserted that specialized driving privileges were necessary in order for him to work and properly care for his children.

[6] On March 23, 2016, the trial court held a hearing on the petition. At the hearing, Jones presented evidence that he had recently obtained automobile liability insurance. He also provided the court with his driving routes for work, the grocery, and the doctor. The State presented no evidence at the hearing and made no recommendation to the trial court. After discussing the viability and enforceability of using an ignition interlock device with photo or video capability, the trial court took the matter under advisement.

---

[1] Jones brought his petition pursuant to Ind. Code § 9-30-16-4, but this statute applies only to suspensions by administrative action, not court order. His petition is more aptly considered under I.C. § 9-30-16-3, a similar provision that addresses petitions for specialized driving privileges for suspensions ordered by a court. Further, we observe that Jones did not file a petition for rescission of his suspension order and reinstatement of driving privileges under I.C. § 9-30-10-14.1, which deals with petitions regarding lifetime suspensions for habitual traffic violators. Because the issue has not been raised on appeal, we will not address the interplay between I.C. § 9-30-10-14.1 and I.C. § 9-30-16-3.

[2] Legal custody remained with the Perry County Department of Family and Children Services in Mississippi.

[7]     The trial court issued an order denying the petition on March 29, 2016. The order provided in pertinent part:

> This matter was before the Court for hearing on a Petition for Specialized Driving Privileges. Having considered the evidence presented, and having taken the matter under advisement, the Court concludes that the Petition should be denied.
>
> The Petitioner works as the "Operations Manager" for a construction-related business based in Mississippi, having worked his way up the corporate ladder. The Petitioner has resided outside of Indiana for six (6) years. The Petitioner's job duties take him regularly throughout the states of Mississippi and Louisiana. The Petitioner's driving privileges were forfeited for life, on or about July 27, 2009, following conviction for Operating a Vehicle After Suspension as an Habitual Traffic Violator. *The Petitioner has been twice convicted for OWI-related offenses in the State of Indiana. The Petitioner's Indiana BMV record reflects approximately twenty-seven (27) traffic-related convictions, dating back to 1997.*
>
> Based upon these findings, the Court concludes that it is not reasonable to craft an order granting specialized privileges that can be reasonably enforced by the Court, yet still meet the needs of the Petitioner, without compromising public safety.

*Appendix* at 22 (emphasis supplied). Jones appeals from this order.

## Discussion & Decision

[8] Jones acknowledges that the decision to grant or deny a petition for specialized driving privileges is reviewable only for an abuse of discretion.[3] *See Lambert v. Shipman*, 53 N.E.3d 1198, 1202 (Ind. Ct. App. 2016). An abuse of discretion will be found only where the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. *See Huntington Nat'l Bank v. Car-X Assoc. Corp.*, 39 N.E.3d 652, 655 (Ind. 2015). On review, we neither reweigh the evidence nor substitute our judgment for that of the trial court. *See id.*; *State v. Downey*, 14 N.E.3d 812, 815 (Ind. Ct. App. 2014), *trans. denied*.

[9] On appeal, Jones argues that he presented overwhelming evidence of substantial positive changes in his life since his suspension. Further, he asserts that enforcement of an ignition interlock system would not be difficult and that it could be monitored in Mississippi the same as it would be in Indiana.

[10] We cannot conclude that the trial court abused its broad discretion in this case. As observed by the trial court, Jones is a habitual traffic violator with approximately twenty-seven traffic-related convictions since 1997 and two OWI convictions in 2004 and 2009. He currently resides in Mississippi, a substantial distance away from Indiana, and his request suggests that he will be driving regularly in Mississippi and Louisiana and occasionally with two small

---

[3] The trial court's almost unfettered discretion is evidenced by I.C. § 9-30-16-3's silence as to when a petition for specialized driving privileges is sufficient and a petitioner is entitled to such privileges. *See B.Z. v. State*, 943 N.E.2d 384, 389-90 (Ind. Ct. App. 2011). Indeed, the Legislature has provided no statutory standard under which a trial court must review such a petition.

children. The trial court's concerns about enforceability and public safety under the specific circumstances of this case[4] support its decision to deny Jones's petition. We reject the invitation to reweigh the evidence and substitute our judgment for that of the trial court.

[11] Judgment affirmed.

[12] Bradford, J. and Pyle, J., concur.

---

[4] Contrary to Jones's suggestion on appeal, the trial court did not interpret the statute to necessarily preclude granting specialized driving privileges to out-of-state petitioners. The record establishes that the trial court thoroughly considered enforceability concerns in light of the particular circumstances presented in this case.