

FILED

Jan 31 2018, 9:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Gabriel J. Quearry
Quearry Law, LLC
Plainfield, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Kyle Hunter
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brent Orange, <br> *Appellant-Defendant,* <br><br> v. <br><br> Indiana Bureau of Motor Vehicles, <br> *Appellee-Plaintiff* | January 31, 2018 <br><br> Court of Appeals Case No. 29A02-1707-MI-1549 <br><br> Appeal from the Hamilton Superior Court No. 6 <br><br> The Honorable Gail Bardach, Judge <br><br> Trial Court Cause No. 29D06-1706-MI-4637 |

**May, Judge.**

[1] Brent Orange appeals the trial court's denial of his petition for specialized driving privileges. He argues he is statutorily entitled to a hearing and the trial court erred when it did not hold a hearing prior to its denial of his petition. He

also contends the trial court abused its discretion when it denied his petition on its merits. We affirm.

# Facts and Procedural History

On May 18, 2017, Orange filed a petition for specialized driving privileges in Hamilton County. He requested the court grant him specialized driving privileges so he could drive back and forth from his employment, his probation meetings, and his court-ordered Alcoholics Anonymous meetings. He also asked the trial court to issue an order that "waives any and all fees or penalties that Orange would otherwise be required to pay in order to obtain specialized driving privileges." (App. Vol. II at 7.)

On May 25, a Deputy Hamilton County Prosecutor filed an appearance on behalf of the State. On May 31, 2017, Orange submitted a proposed order to set a hearing on the matter. On June 6, 2017, the trial court, using a revised copy of Orange's submitted proposed order, denied Orange's petition and struck out all language in the order regarding the scheduling of a hearing.

# Discussion and Decision

### *Hearing on Orange's Petition for Specialized Driving Privileges*

Orange argues the trial court erred when it did not grant his request for a hearing on his petition for specialized driving privileges pursuant to Indiana

Code section 9-30-16-3.[1]  He "concedes that I.C. § 9-30-16-1 et seq. does not say that a trial court must hold a hearing on a petition for specialized driving privileges but neither does the statute contain an express provision permitting a trial court to summarily deny such a petition."  (Br. of Appellant at 8.) Therefore, he claims, the trial court should have granted his motion for a hearing.

[5]  Our standard of review for issues that require us to interpret a statute is well-settled:

> A question of statutory interpretation is a matter of law.  In such interpretation, the express language of the statute and the rules of statutory interpretation apply.  We will examine the statute as a whole, and avoid excessive reliance on a strict literal meaning or the selective reading of words.  Where the language of the statute is clear and unambiguous, there is nothing to construe.

---

[1] Orange has had his driving privileges suspended both by the Bureau of Motor Vehicles and by court order. Orange's Verified Petition for Specialized Driving Privileges indicates his "petition to stay the suspension of his driving privileges and grant him a specialized driving privilege is verified in compliance with Ind. Code § 9-30-16-4."  (App. Vol. II at 6.)  Indiana Code section 9-30-16-4(a) allows an "individual whose driving privileges have been suspended by the bureau by an administrative action and not by a court order" to petition the court for specialized driving privileges.  Indiana Code section 9-30-16-4(d)(1) requires that a verified petition for specialized driving privileges be filed "in the county in which the individual resides." Ind. Code § 9-30-16-4(d)(1).  Orange filed his petition for specialized driving privileges in Hamilton County, but on his petition listed his address as Marion County.  Therefore, his petition was not properly filed.

"An individual who seeks specialized driving privileges must file a petition for specialized driving privileges in each court that has ordered or imposed a suspension of the individual's driving privileges."  Ind. Code § 9-30-16-3(a).  In his petition for specialized driving privileges before the Hamilton Superior Court, Orange indicates his "driving privileges were suspended by the Hamilton Superior Court 6 on January 31, 2017 for a period of 365 days."  (App. Vol. II at 6.)  Thus, it would seem he meant to file his petition pursuant to Indiana Code section 9-30-16-3.  As we previously have overlooked such an error and decided a case on the merits, *see Jones v. State*, 62 N.E.3d 1205, 1206 n.1 (Ind. Ct. App. 2016), we will also do so here.

However, where the language is susceptible to more than one reasonable interpretation, the statute must be construed to give effect to the legislature's intent. The legislature is presumed to have intended the language used in the statute to be applied logically and not to bring about an absurd or unjust result. Thus, we must keep in mind the objective and purpose of the law as well as the effect and repercussions of such a construction.

*Nash v. State*, 881 N.E.2d 1060, 1063 (Ind. Ct. App. 2008), *trans. denied*. "When interpreting a statute, this Court must ascertain the legislative intent by looking at the whole of the act. We must examine the law existing before, the changes made and the apparent intent for making the changes." *Van Orman v. State*, 416 N.E.2d 1301, 1305 (Ind. Ct. App. 1981). Further, "it is just as important to recognize what a statute does not say as it is to recognize what it does say." *Rush v. Elkhart Cty. Plan Comm'n*, 698 N.E.2d 1211, 1215 (Ind. Ct. App. 1998), *trans. denied*. We may not "read into a statute that which is not the expressed intent of the legislature." *Id*. Finally, we "will not add something to a statute that the legislature has purposely omitted." *Id*.

[6] Indiana Code section 9-30-16-3(b) states, in relevant part:

> (b) An individual who seeks specialized driving privileges must file a petition for specialized driving privileges in each court that has ordered or imposed a suspension of the individual's driving privileges. Each petition must:
>
>> (1) be verified by the petitioner;
>>
>> (2) state the petitioner's age, date of birth, and address;

(3) state the grounds for relief and the relief sought;

(4) be filed in a circuit or superior court; and

(5) be served on the bureau and the prosecuting attorney.

A prosecuting attorney shall appear on behalf of the bureau to
respond to a petition filed under this subsection.

Indiana Code chapter 9-30-16 was enacted in 2014 and became effective January 1, 2015. *See* Indiana Legislative Public Law 217-2014, Section 154 (adding Indiana Code chapter 9-30-16). The new law changed significant statutory language, as well as revised the word "restricted" in the earlier statutes to "specialized." *Compare* Indiana Code chapter 9-24-15, entitled "Issuance of Restricted Driver's License Because of Hardship" *with* Indiana Code section 9-30-16-3, entitled "Grant of specialized driving privileges[.]"

[7] Prior to 2015, a person whose driving privileges had been suspended could "file a verified petition for a restricted driving permit for the sole purpose of driving to and from work and in the course of employment during the period of the driving license suspension" if "because of the nature of the individual's employment the suspension would work an undue hardship and burden upon the individual's family or dependents." Ind. Code § 9-24-15-2 (1991) (repealed 2015). *See also Gibson v. Hernandez*, 764 N.E.2d 253, 256-7 (Ind. Ct. App. 2002) (holding restricted driving privileges may not be granted "for the purpose of

transporting [] children to and from school and doctor's appointments in emergencies"), *trans. denied.*

[8] Following the filing of a petition for restricted driving privileges, Indiana Code section 9-24-15-4 (1991) (repealed 2015) directed: "(b) The clerk of court shall docket the verified petition in the name of the petitioner against the prosecuting attorney of the county[;] (c) The prosecuting attorney *shall appear in person or by deputy* and be heard by the court on the petition." (emphasis added). Thus, according to the plain language of the statute, the trial court was required to hold a hearing on petitions for restricted driving privileges prior to the repeal of the relevant statutes in 2015.

[9] That language did not survive the statute's repeal.[2] The corresponding language in the current statute requires the prosecuting attorney to "appear on behalf of the bureau to respond to a petition," Ind. Code § 9-30-16-3(b), but does not include language the appearance must be made in person as was required by Indiana Code section 9-24-15-4 (1991) (repealed 2015). Therefore, we conclude the legislature intended to change the language of the statute to remove the requirement that the trial court hold a hearing regarding a petition to grant specialized driving privileges after the suspension of a petitioner's

---

[2] In 2015, the legislature enacted three statutes to govern the grant of specialized driving privileges: Indiana Code section 9-30-16-3 covers those whose driving privileges were suspended pursuant to a court order; Indiana Code section 9-30-16-3.5 covers those whose driving privileges were suspended under statutory-specific circumstances who only want to drive to and from work; and Indiana Code section 9-30-16-4 covers those whose driving privileges were suspended by an administrative agency. None of these sections includes a requirement that a trial court hold a hearing on a petition.

driver's license. *See Ind. Dept. of State Rev., Sales Tax Div. v. Cable Brazil, Inc.*, 177 Ind. App. 450, 458-9, 380 N.E.2d 555, 559-60 (1978) ("presumption is raised that the Legislature intended to change the law unless it clearly appears an amendment was made only to express more clearly the original intention of the Legislature"), *reh'g denied.*

[10] We note that our holding addresses only whether a trial court is required to hold a hearing pursuant to Indiana Code section 9-30-16-3. While a trial court is *not required* to hold a hearing under the statute, it may still err if it fails to grant a *petitioner's request for a hearing* when the petition raises claims of possible merit. See, e.g., *Osmanov v. State*, 40 N.E.3d 904, 910 (Ind. Ct. App. 2015) (trial court may err if it does not grant a request for a hearing when petition for post-conviction relief raised claims of possible merit). However, as we note *infra.*, Orange's petition did not raise claims of possible merit, and thus the trial court properly denied his request for a hearing.

### Denial of Orange's Petition for Specialized Driving Privileges

[11] "[T]he decision to grant or deny a petition for specialized driving privileges is reviewable only for an abuse of discretion." *Jones v. State*, 62 N.E.3d 1205, 1207 (Ind. Ct. App. 2016). An abuse of discretion occurs when the decision of the trial court is "clearly against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law." *Id*. In our review, we neither reweigh the evidence or judge the credibility of witnesses. *Id*. The trial court has "almost unfettered discretion" when deciding whether to grant a petition for specialized driving privileges. *Id*. at 1207 n.3.

[12]     Orange argues the trial court abused its discretion when it denied his petition for specialized driving privileges

>        because nothing in the trial court's order provides a legal or factual basis for denying Orange's petition: nothing in the order states that Ind. Trial Rule 12(C) was the legal basis for denying Orange's petition, and the Hamilton County Prosecutor, who "appear[ed] on behalf of the [BMV] to respond to" Orange's petition filed under I.C. § 9-30-16-3(b), did not file response objecting to Orange's petition nor moved for judgment on the pleadings to "attack the legal sufficiency" of Orange's petition.

(Br. of Appellant at 9-10.)  However, the case he cites to support this premise, *Key v. State*, 48 N.E.3d 333 (Ind. Ct. App. 2015), involves interpretation of the expungement statute, which is not relevant to this case.  Additionally, Orange cites no authority to support his arguments that the trial court was required to provide a legal or factual basis for its ruling, and that the Hamilton County Prosecutor was required to file a reply to his petition attacking its legal sufficiency.  Thus, he has waived his argument for failure to make a cogent argument.  *See Srivastava v. Indianapolis Hebrew Congregation, Inc.*, 779 N.E.2d 52, 54 n.1 (Ind. Ct. App. 2002) (Indiana Appellate Rule 46(A)(8)(a) requires the argument to be supported by cogent argument, as well as citations to statutes and cases relied upon.  Failure to include cogent argument with support therefor results in waiver of the argument.), *trans. denied*.

[13]     Waiver notwithstanding, there can be no question that the trial court properly exercised its discretion when it denied Orange's petition for specialized driving privileges.  Orange's driving record, which includes information only for the

past ten years, indicates Orange has accumulated twenty-seven different driving suspensions and his reinstatement eligibility date is "Indefinite." (App. Vol. II at 10.) The suspensions stem from Orange's failure to pay fines, failure to file insurance information, operation of a vehicle while intoxicated, failure to appear for driver safety program, and chemical test failure. He has been adjudicated an habitual traffic violator multiple times. Based thereon, we conclude the trial court did not abuse its discretion when it denied his petition for specialized driving privileges. *See Jones*, 62 N.E.3d at 1208 (affirming denial of Jones' petition for specialized driving privileges based on his status as an habitual traffic violator with over twenty traffic-related convictions in a ten-year period).

# Conclusion

[14] As an issue of first impression, we hold Indiana Code section 9-30-16-3 does not require the trial court to hold a hearing prior to making a decision on a petition for specialized driving privileges. Additionally, the trial court did not err when it did not hold a hearing because Orange's petition did not assert any claims of merit. Finally, the trial court did not abuse its discretion when it denied Orange's petition for specialized driving privileges. Accordingly, we affirm.

[15] Affirmed.

Vaidik, C.J., and Altice, J., concur.