

FILED

Oct 22 2019, 8:38 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Paul G. Stracci
J. Michael Woods
Stracci Criminal Defense, P.C.
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jason R. Cozmanoff, <br> *Appellant*, <br><br> v. <br><br> State of Indiana, <br> *Appellee*. | October 22, 2019 <br><br> Court of Appeals Case No. <br> 19A-CR-1426 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable Salvador Vasquez, Judge <br><br> Trial Court Cause No. <br> 45G01-1203-FC-28 |

**Brown, Judge.**

[1] Jason R. Cozmanoff appeals the trial court's denial of his petition for specialized driving privileges. We affirm.

## Facts and Procedural History

[2] In March 2012, Cozmanoff was driving and struck four correctional officers who were running alongside the road, resulting in the death of one of the officers and injuries to the others, and Cozmanoff did not stop. On February 7, 2014, following a jury trial, the court sentenced him to four years for reckless homicide as a class C felony under Count I; one year for criminal recklessness as a class A misdemeanor under Count II; one and one-half years for each of two counts of criminal recklessness as class D felonies under Counts III and IV; four years for failure to stop after an accident resulting in death as a class C felony under Count V; and six months for reckless driving as a class B misdemeanor under Count XIII. The court ordered the sentences in Counts I through V to be served consecutively and concurrent to that in Count XIII for an aggregate sentence of twelve years. The order provides in part:

> Pursuant to IC 9-30-13-4,[1] the Court orders that the defendant's operator's license be suspended for a period of three (3) years as

---

[1] At the time, Ind. Code § 9-30-13-4 provided in part:

   (a)   If a person commits any of the following offenses, the court that convicted the person shall recommend the suspension of the person's driving privileges for a fixed period of at least two (2) years and not more than five (5) years:

   * * * * *

   (2)   Reckless homicide resulting from the operation of a motor vehicle (IC 35-42-1-5).

to Count I, by the Bureau of Motion [sic] Vehicles.  Pursuant to IC 9-30-4-6.5,[2] the imposition of the suspensions are delayed until the defendant is released from the Department of Correction or on parole.  The clerk is directed to notify the Bureau of Motor Vehicle.

Appellant's Appendix Volume II at 29.

On May 1, 2019, Cozmanoff filed a verified petition for specialized driving privileges citing Ind. Code § 9-30-16-3.[3]  On May 17, 2019, Cozmanoff filed an amended petition for specialized driving privileges citing Ind. Code § 9-30-16-4[4] and alleging the Indiana Bureau of Motor Vehicles gave notice to him that his license would be suspended from June 14, 2019, until June 14, 2022.  He sought specialized driving privileges to travel for work, visitation with his children, medical appointments, and grocery and warehouse or department store visits.  On May 29, 2019, the State filed a response to Cozmanoff's amended petition arguing it is undisputed that his reckless homicide conviction stemmed from the

---

(b)     If the court fails to recommend a fixed term of suspension, or recommends a fixed term that is less than the minimum term required by statute, the bureau shall impose the minimum period of suspension required under this section.

(Repealed by Pub. L. No. 217-2014, § 149 (eff. Jan. 1, 2015)).

[2] At the time, Ind. Code § 9-30-4-6.5 provided: "If a person receives a sentence that includes: (1) a term of incarceration; and (2) suspension of the person's driving privileges under this chapter; the suspension of driving privileges begins on the date the person is released from incarceration and not on the date the person is convicted."  (Repealed by Pub. L. No. 149-2015, § 99 (eff. Jan. 1, 2015)).

[3] Ind. Code § 9-30-16-3(a) provides in part: "If a court orders a suspension of driving privileges under this chapter, . . . the court may stay the suspension and grant a specialized driving privilege as set forth in this section."

[4] Ind. Code § 9-30-16-4(a) provides: "An individual whose driving privileges have been suspended by the bureau by an administrative action and not by a court order may petition a court for specialized driving privileges as described in section 3(b) through 3(d) of this chapter."

use of a motor vehicle and that, based on Ind. Code § 9-30-16-2(c),[5] he is not eligible for specialized driving privileges.  On June 3, 2019, the court held a hearing and entered an order finding that Cozmanoff "is not eligible for a specialized driving privilege under I.C. 9-30-13-4 (repealed), now codified under I.C. 9-30-16-2(c)" and denying his petition for specialized driving privileges.  Appellant's Appendix Volume II at 27.

## *Discussion*

[4]  Cozmanoff claims he is not ineligible for specialized driving privileges.  He argues that Ind. Code § 9-30-16-2 was not in effect at the time that his license suspension was imposed.  He further argues that, for a person convicted of reckless homicide involving a vehicle, Ind. Code § 9-30-16-2 requires that the court order that person's driving privileges suspended whereas, prior to January 1, 2015, Ind. Code § 9-30-13-4 (repealed) provided that the court would recommend the suspension of the person's driving privileges and Ind. Code § 9-30-4-6 provided that the bureau would suspend the person's driving privileges.  **(12-13)** He argues "I.C. § 9-30-16-2(c) is silent as to suspensions imposed by the Bureau, or specialized driving privileges for those suspensions under Ind. Code § 9-30-16-4" and "[t]his creates two categories of license suspension based on a

---

[5] Ind. Code § 9-30-16-2(c) provides:

> If a person is convicted of an offense that includes the element of causing the death of another person and the offense involved the operation of a motor vehicle or was an offense under IC 9-30-5, the court shall order that the person's driving privileges are suspended for a period of at least two (2) years and not more than the maximum allowable period of incarceration of the criminal penalty for the offense.  A person whose driving privileges are suspended under this section is not eligible for specialized driving privileges under section 3 of this chapter.

conviction for reckless homicide: those imposed prior to the effective date of I.C. § 9-30-16-2, which are eligible for specialized driving privileges, and those imposed after the effective date, which are not eligible." Appellant's Brief at 16.

[5] The State maintains that Cozmanoff was unable to obtain relief from his license suspension under the applicable pre-2015 or current statutes. It argues he is prohibited from receiving specialized driving privileges under current Ind. Code § 9-30-16-2(c). It further states that "specialized driving privileges" did not exist in Indiana at the time his license suspension was imposed, that prior to 2015 suspended drivers could petition for "restricted" driving permits under Ind. Code § 9-24-15-2 (repealed Jan. 1, 2015) but that individuals convicted of reckless homicide as a result of an automobile accident were not eligible for a restricted permit under Ind. Code § 9-24-15-1 (repealed Jan. 1, 2015), and thus that Cozmanoff was disqualified from obtaining relief from his license suspension under the pre-2015 statutory scheme as well as the current statute. Appellee's Brief at 8-9. It asserts "the legislative intent has been clear for nearly 30 years" and that, "[u]nder both the restricted driving permit statutes and the specialized driving privileges statutes, the General Assembly excluded drivers, like Cozmanoff, who were convicted of recklessly killing someone with their motor vehicle, from receiving relief from their license suspensions." *Id*. at 13.

[6] The decision to grant or deny a petition for specialized driving privileges is reviewable for an abuse of discretion. *Orange v. Ind. Bureau of Motor Vehicles*, 92 N.E.3d 1152, 1157 (Ind. Ct. App. 2018) (citing *Jones v. State*, 62 N.E.3d 1205, 1207 (Ind. Ct. App. 2016)). "The trial court has 'almost unfettered discretion'

when deciding whether to grant a petition for specialized driving privileges." *Id.* (citing *Jones*, 62 N.E.3d at 1207 n.3). A question of statutory interpretation is a matter of law. *Id.* at 1155 (citation omitted). The primary purpose in statutory interpretation is to ascertain and give effect to the legislature's intent. *State v. Oddi-Smith*, 878 N.E.2d 1245, 1248 (Ind. 2008). The best evidence of that intent is the language of the statute itself, and we strive to give the words in a statute their plain and ordinary meaning. *Id.* We presume the legislature intended for the statutory language to be applied in a logical manner consistent with the statute's underlying policy and goals. *Id.*

[7] The court entered its order suspending Cozmanoff's license in February 2014, and he filed his petition for specialized driving privileges in May 2019. He states that, "[p]rior to the creation of I.C. § 9-30-16-2, license suspensions upon conviction for Reckless Homicide were governed by two statutes read in conjunction"—Ind. Code § 9-30-13-4 and Ind. Code § 9-30-4-6. Appellant's Brief at 12. Prior to January 1, 2015, Ind. Code § 9-30-13-4 provided in part that, "[i]f a person commits any of the following offenses, the court that convicted the person shall recommend the suspension of the person's driving privileges for a fixed period of at least two (2) years and not more than five (5) years: . . . Reckless homicide resulting from the operation of a motor vehicle . . . ." *See* Pub. L. No. 217-2014, § 149 (eff. Jan. 1, 2015) (repealing). Ind. Code § 9-30-4-6(b) provided in part that "[t]he bureau shall suspend or revoke without notice or hearing the current driver's license or driving privileges and all certificates of registration and license plates issued or registered in the name of a

person who is convicted of any of the following: . . . reckless homicide resulting from the operation of a motor vehicle . . . ." *See* Pub. Law No. 188-2015, § 104 (eff. Jul. 1, 2015), Pub. Law No. 198-2016, § 597 (eff. Jul. 1, 2016) (repealing).[6]

[8] Also prior to 2015, Ind. Code § 9-24-15-2 provided that "[i]f . . . an individual's driving privileges have been suspended," "because of the nature of the individual's employment, the suspension would work an undue hardship and burden upon the individual's family or dependents," and "the individual is not ineligible for restricted driving privileges under section 1 of this chapter," then the individual may file a petition for "restricted driving privileges" for the purpose of driving to and from work and in the course of employment during the period of the driving license suspension. *See* Pub. Law No. 217-2014, § 87 (eff. Jan. 1, 2015) (repealing). Ind. Code § 9-24-15-1 provided that the chapter did "not apply to the following: . . . When suspension of driving privileges is by reason of: . . . (C) the applicant has been convicted of . . . reckless homicide as a result of an automobile accident." *See* Pub. Law No. 217-2014, § 87 (eff. Jan. 1, 2015) (repealing).

[9] Ind. Code §§ 9-30-16, governing "specialized driving privileges," became effective on January 1, 2015. *See* Pub. L. No. 217-2014 § 154 (eff. Jan. 1, 2015). Ind. Code § 9-30-16-3(a) provides in part that, "[i]f a court orders a suspension

---

[6] Ind. Code § 9-30-4-6.1, which became effective January 1, 2016, provides in subsection (a) that "[t]he bureau shall suspend or revoke the current driver's license or driving privileges . . . of an individual who is convicted of any of the following: . . . reckless homicide resulting from the operation of a motor vehicle," and in subsection (c) that "[a]n individual whose driving privileges are suspended under this chapter is eligible for specialized driving privileges under IC 9-30-16."

of driving privileges under this chapter, . . . the court may stay the suspension and grant a specialized driving privilege as set forth in this section." Subsections (b) through (d) of Ind. Code § 9-30-16-3 set forth the requirements of a petition for specialized driving privileges and indicate that privileges granted shall be for 180 days to two and one-half years and that the terms of specialized driving privileges must be determined by a court. Ind. Code § 9-30-16-4(a) provides that "[a]n individual whose driving privileges have been suspended by the bureau by an administrative action and not by a court order may petition a court for specialized driving privileges as described in section 3(b) through 3(d) of this chapter." Ind. Code § 9-30-16-2(c) provides:

> If a person is convicted of an offense that includes the element of causing the death of another person and the offense involved the operation of a motor vehicle or was an offense under IC 9-30-5, the court shall order that the person's driving privileges are suspended for a period of at least two (2) years and not more than the maximum allowable period of incarceration of the criminal penalty for the offense. A person whose driving privileges are suspended under this section is not eligible for specialized driving privileges under section 3 of this chapter.

[10] Here, the trial court's February 7, 2014 order provides "the Court orders that the defendant's operator's license be suspended for a period of three (3) years as to Count I, by the Bureau of Motion [sic] Vehicles." Appellant's Appendix Volume II at 29. The order was consistent with Ind. Code § 9-30-13-4 (repealed

eff. Jan. 1, 2015) in effect at the time.[7] We observe that, prior to January 1, 2015, due to his conviction for reckless homicide as a result of an automobile accident, Cozmanoff would not have been eligible for restricted driving privileges. *See* Ind. Code §§ 9-24-15-1 and -2 (repealed eff. Jan. 1, 2015). Additionally, pursuant to Ind. Code § 9-30-16-2(c), he is not eligible for specialized driving privileges under Ind. Code § 9-30-16-3 because his offense under Count I included the element of causing the death of another person and the offense involved the operation of a motor vehicle. Also, although now-repealed Ind. Code § 9-30-13-4 provided that the court "shall recommend the suspension" of the person's driving privileges whereas Ind. Code § 9-30-16-2(c) provides the court "shall order" that the person's privileges be suspended, we note that on February 7, 2014, the trial court ordered that Cozmanoff's license be suspended, and we are not persuaded that he may now obtain specialized driving privileges by way of Ind. Code § 9-30-16-4 which relates to individuals whose driving privileges were suspended by administrative action and not by a court order. We conclude the trial court's denial of Cozmanoff's petition for specialized driving privileges gives effect to the legislature's intent.

[11] For the foregoing reasons, we affirm the trial court's judgment.

[12] Affirmed.

---

[7] The order of suspension is also consistent with the current provisions of Ind. Code § 9-30-16-2(c) ("the court shall order that the person's driving privileges are suspended for a period of at least two (2) years and not more than the maximum allowable period of incarceration of the criminal penalty for the offense").

Altice, J., and Tavitas, J., concur.